[Robinson v. The State.]

# Robinson v. The State.

*Indictment for Murder.*

1. *Homicide; evidence.*—On a trial for murder, it being shown that a note was found on the person of the deceased, the existence or contents of which were unknown to the defendant, such note is inadmissible in evidence, either in aggravation or palliation of the offense.

2. *Same; presumption of malice from use of deadly weapon.*—In case of homicide, the law presumes malice from the use of a deadly weapon, and casts on the defendant the *onus* of repelling this presumption unless the evidence which proves the killing shows also that it was perpetrated without malice, and whenever malice is shown and unrebutted by the circumstances of the killing, or the other facts in evidence, there can be no conviction for any less degree of homicide than murder.

3. *Same; premeditation.*—When one person kills another purposely, after reflection, with a wickedness or depravity of heart towards the deceased, and the killing was determined on beforehand, if even a moment before the killing, it is murder in the first degree.

4. *Self defense; probable mode of escape.*—On an issue of self-defense, a charge which uses the word *probable* in characterizing the defendants means of escape, is more favorable to him than the use of the word *reasonable* would have been, and is no error of which he can complain.

APPEAL from Elmore Circuit Court.

Tried before the Hon. N. D. DENSON.

Frank Robinson was indicted and tried for the murder of Alphonso Hooper. He was convicted of murder in the second degree and sentenced to the penitentiary.

The evidence for the State was to the effect that the deceased came to his death from the effect of three pistol shots fired by the defendant. That at the time, the deceased was running away, and the defendant running after him, firing upon him as he ran. The killing occured at a spring about one hundred yards from the home of the defendant.

For the defense, the evidence tended to show that when approached by the defendant, the deceased was in conversation with a sixteen year old sister of the former. That defendant asked the deceased his intentions, called

his attention to the fact that he had told him to let his sister alone, and that after some quarrelling, the deceased drew a pistol and fired twice upon the defendant, and that the latter returned the fire, killing the said Alphonso Hooper. During the progress of the trial, the defendant showed that a note from his sister was found on the body of the deceased, and offered to prove the contents of the note, stating that this would show that the deceased had met the defendant's sister at the place of the killing by appointment, and for the purpose of having illicit intercourse with her. The court refused to allow the note in evidence.

The following charges were given at the request of the State, against objection by the defendant,

"(1) In case of homicide the law presumes malice from the use of a deadly weapon, and casts on the defendant the *onus* of repelling the presumption, unless the evidence which proves the killing shows also that it was prepetrated without malace, and whenever malace is shown and unrebutted by the circumstances of the killing or by other facts in evidence, there can be no conviction of any less degree of homicide than murder."

The charge number (6) is fully set out in the opinion. "(7) If the defendant in Elmore county, and before the finding of this indictment, purposely killed the deceased Alphonso Hooper after reflection, with a wickedness or depravity of heart towards said deceased, and the killing was determined upon beforehand, even a moment before the shooting was done, the defendant is guilty of murder in the first degree." (8.) If the defendant in Elmore county and before the finding of this indictment purposely killed Alphonso Hooper by shooting him with a pistol with a wickedness or depravity of heart towards said deceased, and the killing was determined on beforehand and after reflection for however short a time before the fatal shooting was done is immaterial—the defendant is guilty of murder in the first degree."

J. H. PARKER and E. F. JONES, for appellant.

W. C. FITTS, Attorney-General, *contra.*

McCLELLAN, J.—Neither the contents nor the exist-

[Robinson v. The State.]

ence of the note received by the deceased from the defendant's sister and found on the person of the former after the homicide, nor of the note from deceased to the sister to which this was a response was known to the defendant at the time of the killing. His conduct, therefore, could not possibly have been influenced in any degree by these notes; and of course they could not be looked to to furnish a circumstance either of guilt or innocence, nor of aggravation or palliation in respect of the offense for which he was tried and convicted. Had he known of this correspondence and its character, it and his knowledge of it would have been competent evidence of premeditation and malace on his part, unless he came by it, for the first time to a knowledge of the illicit relations between the deceased and his sister, and immediately, in the heat of passion engendered by it, and before cooling time, as the law wisely defines that period, he had shot and killed deceased. As he did not know of it at all, the court properly excluded it from the jury.—*State ex rel. v. Tally*, 102 Ala. 25, 33–35.

The several charges given at the request of the State and excepted to by the defendant were, with probably one exception, copies of charges expressly approved by this court or copies of the language of this court in stating what charges on the subjects to which these are addressed, and in cases like this, should contain.—*Roberts v. State*, 68 Ala. 156; *Holley v. State*, 75 Ala. 15; *Cleveland v. State*, 86 Ala. 1. And we do not understand it to be seriously insisted that any of these charges—numbered 1, 7 and 8—were improper.

The 6th charge given for the State is the exception to what is said above. It is in the following language: "When the defendant sets up self-defense in justification or excuse of a killing, the burden of proof is upon him to reasonably show to the jury by the evidence that there was a present impending danger, real or apparent, to life or limb, or of grievous bodily harm from which there was no other probable means of escape, unless the evidence which proves the homicide proves also its excuse or justification." The argument against this instruction is predicted upon the use of the word *probable* instead of the word *reasonable* in characterizing defendant's means or opportunity to escape. We think there is no merit in this objection. It seems clear indeed that

the word used is more favorable to the defendant than that which counsel insist should have been employed. Taking these words in their usual sense as declared by this court many times, and applying these definitions to them in the connection under consideration, a reasonable mode or means of escape is such opportunity as there is reason to believe may be successfully availed of, though the considerations which led to such belief may not preponderate over these which point to a failure of such an effort; while, upon the other hand, a probable mode or means of escape is such opportunity as involves more chances in favor of than against success in the attempt to take advantage of it, so that before it would be a defendant's duty to retreat the considerations pointing to success of an effort to do so must, according to this instruction, preponderate over those which presage failure. Assuming, therefore, as counsel do, and as is the law, that if there be a reasonable means of retreat open to the slayer, but he stands his ground and kills, he cannot invoke the doctrine of self-defense, this charge is only faulty in that it is too favorable to the appellant; and such infirmities cannot be availed of by him to reverse the judgment of conviction.—*Shell v. State*, 88 Ala. 14; *Carter v. State*, 82 Ala. 13; *Smith v. State*, 86 Ala. 28.

The judgment of the circuit court must be affirmed.