# McBryde *v.* The State.

*Murder.*

(Decided July 3, 1908. 47 South. 302.)

1. *Jury; Mistake in Name; Effect.*—It being immaterial that the middle initial of the juror be correctly given, and it appearing that there was no other person of that name in the beat, it was not error to overrule the objection to such juror because of such mistake.

2. *Evidence; Hearsay Evidence.*—The testimony of a witness that soon after the homicide he and others were at a place pointed out to him by another as the place of the homicide, and that he and his companions looked around to ascertain whether there was a rock about the place, and that another showed witness a hole where a rock was said to have been picked up by the decedent, was hearsay and should have been excluded.

3. *Homicide; Evidence; Admissibility.*—A witness having testified that decedent threw a rock, it was permissible on cross to ask the witness whether there was any rock about the place, and to show by such witness that he saw only a small rock.

4. *Same; Self Defense; Elements.*—To establish a plea of self defense at is necessary to show that the defendant was free from all fault in provoking or bringing on the difficulty; that there was a present, impending peril to life ,or danger of great bodily harm, either real or so apparent as to create a reasonable belief in the bona fide necessity for taking life, and that there was no convenient or reasonable mode of escape by retreating or declining the combat.

[McBryde v. The State.]

5. *Same; Burden of Proof.*—Before the burden is cast upon the state to show that he was the aggressor, the accused must reasonably satisfy the jury of his inability to have safely retreated, and of the other elements of self defense.

6. *Same; Instructions Misleading.*—Charges asserting that if the immediate causes of the difficulty was a question addressed by defendant to the deceased concerning himself as a witness in a pending suit, and defendant spoke without offensive manner, deceased should have acted likewise, if at all, and that if without adequate provocation deceased replied offensively and became the aggressor, and placed his hand in the hip pocket as though to draw a weapon, and then struck defendant with a rock, and defendant fired while in a bent position, caused by the effort to escape the blow and the nature of the assault by decedent was such as to create within a reasonable man's mind the belief that deceased intended to kill or inflict great bodily harm on defendant, and when the shot was fired defendant honestly believed that his life or limb was in danger from deceased, and that to retreat, would increase his peril, defendant should be acquitted, besides being otherwise defective, fails to hypothesize the imminency of defendant's peril, and was argumentative; so a charge with the same hypothesis which bases an acquital on the charge of murder if the shooting was done without premeditation or malice, but in hot blood as upon a sudden quarrel, is also argumentative and properly refused; the charge is also improper for failing to hypothesize a sufficicent provocation for the homicide.

7. *Same; Self Defense.*—As affecting his plea of self defense, the fact that one of ordinary self control might not have resented the provocation offered by the defendant, does not show that the defendant did not provoke the difficulty.

8. *Same; Having Concealed Weapons.*—Where a homicide is committed in a sudden encounter or affray by the use of a deadly weapon concealed before the commencement of the affray, the adversary, having no deadly weapon drawn, the homicide is murder in the 2nd degree, and may, according to the circumstances, be murder in the 1st degree; this rule does not apply if the one slain is the assailant.

9. *Same; Self Defense; Free from Fault.*—One must be free from fault in provoking or bringing on a difficulty, and not "reasonably free" before he can invoke the doctrine of self defense.

10. *Charge of Court; Involved and Confusing Instructions.*—A charge asserting that if any juror is not convinced of the defendant's guilt beyond a reasonable doubt and to a moral certainty, as charged in the indictment, they must acquit, is properly refused as ignoring the right of the jury to find the defendant guilty of some lower grade of the offense than that charged in the indictment.

11. *Homicide; Abstract Instructions.*—A charge asserting that if the homicide was committed under circumstances not making it murder in the 1st or 2nd degree, or manslaughter in the 1st degree and yet it is not done without legal provocation and not in self defense, it is manslaughter in the 2nd degree, is abstract.

12. *Charge of Court; Unintelligible Instructions.*—A charge based on the doctrine or self defense upon the aggressor withdrawing in good faith from the combat and a pursuit of the difficulty by the other party, whereupon the right of self-defense "revised" is properly refused as unintelligible.

13. *Homicide; Manslaughter.*—A homicide in sudden passion ex-cited by sufficient provocation, but without malice, is manslaughter, because the law presumes that passion disturbs the reason, and not because the law supposes that the passion made the slayer un-conscious of what he was about to do.

14. *Same; Self Defense.*—It being necessary that the defendant be entirely free from fault in bringing on the difficulty before in-voking the doctrine of self defense, as affecting his plea of self de-fense, it is not necessary that he should say or do anything justi-fying resentment by the deceased to make the defendant the aggressor.

15. *Charge of Court; Elliptical Instructions.*—A charge asserting that the law does not require an assailed person to retreat if his peril would be thereby increased; but it requires him to retreat un-less it is increased thereby or reasonably appears to be, is ellip-tical and properly refused.

16. *Same; Ignoring Lower Degrees.*—A charge asserting that unless the jury believe the defendant guilty as charged in the indictment, he should be acquitted, ignores the possibility of a finding of guilt of some lower grade of the offense than that charged. (Tyson, C. J., and Denson, J., dissent in part.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Joel McBryde was convicted of murder in the second degree, and he appeals. Reversed and remanded.

It was shown on the trial that the juror Blackwell was named "J. P. Blackwell," and not "J. C. Blackwell," as his name appeared in the jury box; but it was ascer-tained that there was no other person named "Black-well" in the beat in which he lived. So the court de-clared him competent and put him upon the defendant, who objected to the juror on the ground that the name "J. P. Blackwell" was not on the list of jurors served upon him.

The witness Isbell stated that he knew the defendant and deceased, Joe Sims, and that after Sims was buried he and several others were at the place pointed out to him by witness Crosswhite as the place where Sims was shot, and that witness and others looked around to ascer-tain whether or not there were any rocks about the place; and witness stated that Michael showed him the

place or hole where a rock was said to have been picked up by Sims, and which Micheal said was thrown by Sims. Isbell was allowed to testify that the hole showed him looked like a mule track. The solicitor then asked witness whether Lee Michael had brought a rock to the place, a rock which he claimed was the rock picked up by Sims at the time of the shooting, and witness stated that Lee Michael had brought a rock which he said Sims threw.

In his oral charge to the court said:

"The defendant contends that he acted in self-defense in killing Joe Sims. The state contends he did not. There are three essential elements of self-defense, and they are, first, defendant must be free from all fault in provoking or bringing on the difficulty. He must not say or do anything to provoke or bring on the difficulty, must not be unmindful of the consequences in this respect of any wrongful word or act; and there must be no convient mode of retreat or by declining the combat. If you are satisfied that defendant was free from all fault in provoking or bringing on the difficulty, and you are further satisfied that there was a present, impending peril to life or danger of great bodily harm, either real or so apparent as to create the bona fide nesessity to take life, you must go further, and find that there was no convient or reasonable mode of escape by retreat or by declining the combat, before the defendant can be acquitted."

The following charges were refused to the defendant:

"(1) The burden is on the state to prove that Mc-Bryde provoked the difficulty or was the aggressor.

"(2) If the immediate cause of the difficulty was the question addressed by the defendant to deceased concerning himself as a witnesss in some pending suit, and such remark or question by defendant was spoken in

temperate tones and without offensive manner, the deceased should have spoken and acted likewise, if at all; and if without adequate provocation he chose to make a reply in offensive tone and manner, and became from that moment the aggressor, and placed his hand in his pocket as though to draw a weapon, and then struck defendant with a rock, and defendant fired while in a bent position caused by the effort to escape the blow, and the nature of the assault by deceased was such as to create in the mind of a reasonable man the belief that deceased intended to kill or inflict great bodily harm on defendant, and at the time the shot was fired defendant honestly entertained the belief that his life or limb was in danger from deceased and that to retreat would increase his peril, and the jury so find the fact from all the evidence, then they should acquit the defendant.

"(3) If the immediate cause of the difficulty was the question addressed by defendant to deceased concerning himself as a witness in some pending suit, and such remark or question by defendant was spoken in a temperate tone and without offensive manner, the deceased should have spoken and acted likewise, if at all; and if without adequate provocation he chose to make a reply in offensive tone and manner, and became from that moment the aggressor, and defendant was provoked and excited into heated frame of mind, and was struck by deceased with a rock, and then without premeditation or malice, but in hot blood, as upon a sudden quarrel, he fired the fatal shot, he would not be guilty of murder in either degree, but of manslaughter in the first degree; and if the jury so find the facts after a careful consideration of all the evidence they should acquit the defendant of all higher degree of homicide.

[McBryde v. The State.]

"(4) If the evidence shows defendant spoke to deceased about a matter of difference between them, although it was not a perfectly friendly act, and showed warmth and dissatisfaction with the deceased, yet if the word spoken by defendant would not have provoked a man of ordinary self-control to a combat, then it cannot be said that from the mere speaking of such words that the defendant brought on the difficulty. And if you find that he did not bring on the difficulty, and did not encourage and enter willingly into the combat, then you may consider whether or not he acted in self-defense; and if you find from the evidence that deceased had, at the very minute of firing or just a short interval before the firing by defendant, thrown a rock at defendant of such size as to be capable of producing great bodily harm or death, and then put his hand in his pocket and advanced, and defendant fired under the honest belief that it was necessary to fire to save himself from great bodily harm or death and that to retreat would increase his danger, then he would be acting in self-defense, and you should acquit him.

"(5) Gentlemen of the jury, the law in the case of homicide is that when the killing in any sudden encounter or affray is caused by the assailant by the use of a deadly weapon, which was concealed before the commencement of the fight, his adversary having no deadly weapon drawn, such killing is murder in the second degree, and may, according to the circumstances, be murder in the first degree. I charge you that said law or statute has no application when the party slain was the assailant.

"(6) If the jury believe from the evidence that deceased was a strong man, and was in a fit of violent temper, and had thrown a rock at defendant, and had struck him, and that the rock was large enough to have pro-

C 4

duced death or great bodily harm, and defendant did not shoot until assailed by deceased with the rock, and was reasonably free from fault, and entertained the belief at the time that deceased would strike and wound him mortally if he did not repel the assault, and under such belief fired the shot, then he would not be guilty of murder, and, if guilty at all, he cannot be guilty of any greater offense than manslaughter in the first degree.

"(7) Gentlemen, I charge you, if any individual juror is not convinced of defendant's guilt beyond all reasonable doubt and to a moral certainty, the jury cannot convict. Gentlemen, I charge you that each juror is required to be satisfied of the guilt of defendant beyond a reasonable doubt before they are authorized to find a verdict of guilty, and each juror must separately and segregately be so satisfied to support a conviction. If the jury should be satisfied from the evidence that McBryde brought on the difficulty, yet if they further believe from the evidence that afterwards he in good faith attempted to withdraw from the conflict, by retreating or otherwise, then the right of Sims to use violence against him ceased; and if Sims did not desist from attempting to use violence towards defendant, then defendant's right to defend himself revived; and if he then found himself in apparent danger of sustaining great bodily harm at the hands of deceased, he had the same right to defend himself that he would have had if he had not been originally in fault.

"(8) It is not unlawful for one man to speak to another, and if the subject referred to by the speaker who opens the conversation is a subject in the ordinary course of affairs, and the mentioning of it is not inherently insulting to the other, and if the speaker manifests no purpose by voice or manner to induce the other

to combat, it cannot be said as a matter of law that the one who began such a conversation brought the difficulty on, if a combat does ensue. The law requires that in opening a conversation, even on a subject disagreeable to the other party, that the one who first refers to the subject shall do so in voice, words, and manner reasonably polite and free from offensiveness; and it also requires that the person so addressed, if he makes reply, shall observe the same rule of conduct and exercise such self-control as a man of ordinary self-control would do; and if he fails in this, and manifests a willingness to enter into combat, and they fight in the heat of blood with deadly weapons, and the person so addressed is slain, it would amount to no more than manslaughter in the first degree.

"(9) If the jury believe from all the evidence that deceased had, recently before the difficulty in which deceased was killed, made threats that he would do the defendant bodily harm, and this was known to defendant, and if they further believe from the evidence that deceased was a violent, turbulent, and quarrelsome man, and this was also known to defendant, if then the defendant was free from fault in bringing on the difficulty and was assailed by deceased, and defendant had just cause to believe and did believe that his life or limb were then and there in immediate danger from deceased, and he further believed and had a right to believe that to attempt to retreat would place him at a disadvantage and increase his peril, he would be excused from retreating and could lawfully repel the assault, even to the extent of taking life, if he believed it was necessary to save himself and such belief was founded upon such appearances as would produce such conviction in the mind of a reasonable man.

"(10) Gentlemen of the jury, I charge you that murder in the first degree is when a homicide is committed with a specific intention to take life, deliberately formed and acted upon, or when a killing results from a reckless disregard of human life; but if neither of the above ingredients is shown by the testimony, and the proof shows the killing is done with malice, it is murder in the second degree. If, however, it is shown by the testimony that the killing is not done with specific intention, nor from a reckless disregard of human life, nor with malice, yet voluntarily done, it is manslaughter in the first degree; and if a killing is done under circumstances which do not make it murder in the first or second degree or manslaughter in the first degree, and yet it is not done without legal provocation and not in self-defense, it is manslaughter in the second degree.

"(11) Even if the jury should find from the evidence that defendant was wrong in the first instance, yet a space for repentance is always open; and if McBryde in good faith withdrew from the combat, and Sims pursued him, then McBryde's right of self-defense revived and he can invoke the doctrine of self-defense.

"(12 A killing in sudden passion, excited by sufficient provocation without malice, is manslaughter, not because the law supposes that this passion made the slayer unconscious of what he was about to do, but because it presumes that passion disturbs the sway of reason and made him regardless of her admonition.

"(12½) If the difficulty was brought on by the defendant asking Sims in a civil manner, 'I understand you are not to have me as a witness in your case?' then the defendant cannot be said to have brought on the difficulty.

"(13) The law does not require the assailed party to retreat if his peril would be thereby increased. It requires him to retreat unless it is increased thereby, or reasonably appears to be.

"(14) The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt that to a moral certainty the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt; and if the proof before you does not amount to such measure, the jury should find defendant not guilty.

"(15) Even if the jury should believe from the evidence that McBryde provoked the difficulty, yet if they further believe from the evidence that he in good faith retired from the difficulty or combat, and that his acts or conduct manifested that peace was his desire, and to secure it he was retiring from the combat, and that Sims continued to pursue him, then McBryde's right to strike in self-defense revised.

"(16) Gentlemen of the jury I charge you that if, after a consideration of the entire evidence, you are not satisfied beyond a reasonable doubt that defendant is guilty as charged in the indictment, you should find him not guilty.

"(17) If the difficulty was brought on by the defendant by asking Sims in a civil manner, 'I suppose you are not going to have me as a witness in your case?' then defendant cannot be said to be at fault in bringing on the difficulty.

"(18) To make out a case of self-defense there must be a present act or demonstration inducing in the mind of the slayer a reasonable belief that the danger to his life or person is imminent. This is enough; and the jury must determine from all the evidence whether the slayer

acted on such well-founded belief, and in defense of his person, honestly believed to be in imminent peril, or whether he was influenced by malevolent feelings."

JAMES JACKSON, and JAMES H. BRANCH, for appellant. The testimony as to the rock was hearsay and not admissible.—*Deal v. The State,* 136 Ala. 43. The court erred in its oral charge.—*Jackson v. State,* 77 Ala. 18. Charge 1 should have been given; *Holmes v. The State,* 100 Ala. 80; *McCormack v. The State,* 102 Ala. 156; *Cleveland's Case,* 86 Ala. 1. Charge 11 should have been given.—*Parker v. The State,* 88 Ala. 7; *Hughes v. The State,* 117 Ala. 25; *Crawford v. The State,* 112 Ala. 1. Charge 12 should have been given.—*Smith v. The State,* 86 Ala. 28. Charge 13 was a correct charge.—115 Ala. 25; 103 Ala. 50; 90 Ala. 577. The court erred in refusing charge 15.—*Parker v. The State,* 88 Ala. 4. Counsel discuss other assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. The variance as to the middle initial of the juror was immaterial.—*Kimbrill v. The State,* 130 Ala. 40; *Martin v. The State,* 144 Ala. 8. In the present condition of the record, exceptions to the testimony as to the rock cannot be reviewed.—*Lowe v. The State,* 88 Ala. 8; *Wright v. The State,* 136 Ala. 139. The court's oral charge was proper.—*Jackson v. The State,* 77 Ala. 18; *Reese v. The State,* 135 Ala. 13; *Skipper v. The State,* 144 Ala. 100. Charge 1 was properly refused to the defendant.—*Gibson v. The State,* 89 Ala. 129. Charge 2 was also properly refused.—*Bane v. The State,* 70 Ala. 4; *Evans v. The State,* 109 Ala. 11; *Mitchell v. The State,* 133 Ala. 65. A defendant must be free from fault, not reasonably so.—*Crawford v. The State,*

112 Ala. 1. The other charges refused to the defendant were either misleading, argumentative, involved or abstract.—*Holmes v. The State*, 88 Ala. 26; *Parker v. The State*, 88 Ala. 4; *Skipper v. The State*, 144 Ala. 100; *Moore v. The State*, 40 Ala. 345; *Wilson v. The State*, 140 Ala. 43.

SIMPSON, J.—The appellant in this case was convicted for the crime of murder in the second degree. There was no error in overruling the defendant's objection to the juror Blackwell, because of the mistake in the middle initial of his name.—*Kimbrell v. State*, 130 Ala. 40, 30 South. 454; *Martin v. State*, 144 Ala. 8, 40 South. 275.

The court erred in not sustaining the objections to the testimony of the witness C. C. Isbell, and to the question by the solicitor to him and the answer thereto, as the testimony sought and given was hearsay.

There was no error in permitting the witness Murry to testify that he saw only a little rock, nor in overruling the objection to the question by the solicitor, "Were there any rocks about the place?" The witnesses had testified to the throwing of a rock by the deceased, and it was relevant to show whether or not there were any rocks about the place.

There was no error in the oral charge given by the court.—*Reese v. State*, 135 Ala. 13, 33 South. 672; *Skipper v. State*, 144 Ala. 100, 42 South. 43; *Jackson v. State*, 77 Ala. 18.

There was no error in the refusal of the court to give charge No. 1, requested by defendant. The inability to safely retreat, and other elements of self-defense, must be proved by the defendant, before the burden is placed upon the state to prove that the defendant was the aggressor.—*Gibson v. State*, 89 Ala. 121, 8 South.

98, 18 Am. St. Rep. 96; *Cleveland v. State,* 86 Ala. 1, 5 South. 426; *Stitt v. State,* 91 Ala. 10, 8 South. 669, 24 Am. St. Rep. 853; *Sprigfield v. State,* 96 Ala. 81, 11 South. 250, 38 Am. St. Rep. 85; *Webb v. State,* 100 Ala. 48, 14 South. 865; *Holmes v. State,* 100 Ala. 80, 14 South. 864; *Sullivan v. State,* 102 Ala. 136, 15 South. 264, 48 Am. St. Rep. 22; *Etheridge v. State,* 141 Ala. 29, 37 South. 337.

Charge No. 2, requested by the defendant, while otherwise defective, fails to hypothesize the imminency of the peril.—*Mitchell v. State,* 133 Ala. 66, 72, 32 South. 132; *Evans v. State,* 109 Ala. 12, 22, 19 South. 535.

Charge No. 3, requested by the defendant, besides being argumentative, does not hypothesize a sufficient provocation.—*Holmes v. State,* 88 Ala. 26, 7 South. 193, 16 Am. St. Rep. 17.

Charge No. 4, requested by the defendant, was properly refused. Besides being argumentative, the fact that a man of ordinary self-control might not have resented the provocation would not change the fact that the defendant actually did provoke the difficulty.

Charge No. 5, requested by the defendant, asserts a correct proposition of law, and should have been given.

Charge No. 6, requested by the defendant, was properly refused. The defendant must be free from fault—not reasonably free—in order to invoke the doctrine of self-defense.—*Crawford's Case,* 112 Ala. 5, 29, 21 South. 214.

Charge No. 7 was properly refused. It was involved and confusing.

Charge No. 8 was properly refused. Besides being argumentative, the fact that the deceased does not exercise proper self-control does not make him the aggressor in the fight.

[McBryde v. The State.]

Charge No. 9 did not sufficiently hypothesize the serious nature of the bodily harm which was threatened or apprehended, and was properly refused.

Charge No. 10 was abstract as to manslaughter in the second degree, and was properly refused.

Charge No. 11 was properly refused.—*Crawford v. State,* 112 Ala. 5, 12, 33, 21 South. 214.

Charge No. 12 asserts a correect legal proposition, and should have been given.—*Smith v. State,* 86 Ala. 28, 5 South. 478.

Charges Nos. 12½ and 17 were properly refused. It is not necessary, in order to make the defendant the aggressor in bringing on the difficulty, that he said or did anything that would justify resentment by the deceased. He must be entirely free from fault in bringing on the difficulty, in order to be allowed to claim self-defense. "An inquiry, no matter how far from angry or irritating in tone its expression may be, in its very nature and surroundings, is calculated to provoke a difficulty."—*Jackson v. State,* 81 Ala. 33, 35, 1 South. 33.

Charge 13 is elliptical, and was properly refused.

There was no error in the refusal to give charges Nos. 14 and 16. They ignored the possibility of the jury's finding the defendant guilty of some lower grade of offense than that "charged in the indictment."

The court could not be placed in error for refusing to give charge No. 15, as it is unintelligible, in stating that the "right to strike in self-defense revised."

Charge No. 18, besides being elliptical, in omitting the word "is" before "imminent," does not sufficiently hypothesize the serious nature of the danger to his person.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur, except as to the refusal to give charge 5, as to which TYSON, C. J., and DENSON, J., dissent, holding that said charge is calculated to mislead the jury.