**BAKER v. STATE.   (4 Div. 862.)**

(Court of Appeals of Alabama.   July 10, 1923. Rehearing Denied Oct. 30, 1923.)

1. **Criminal law ⬮448(2)—Question whether there was easy way of escape called for conclusion.**

In prosecution for murder, there was no error in excluding question if there was an easy way of escape from where defendant and a negro were; it calling for a conclusion.

---

⬮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law ⊜⟹368(2)—Excluded question not part of res gestæ.**

In a murder prosecution, where the difficulty arose over deceased's statement that defendant's father had told him he could use the plow stock defendant was using, it was not error to exclude testimony of the father that he did not tell deceased to get the plow stock; the testimony not being a part of or relating to the res gestæ.

**3. Homicide ⊜⟹151(3)—Burden on state to convince jury beyond reasonable doubt of defendant's guilt.**

The burden is on the state to convince the jury by the evidence beyond a reasonable doubt that defendant is guilty as charged, and this burden is never discharged until after consideration of all the evidence, including evidence offered by defendant as to self-defense.

**4. Homicide ⊜⟹244(3)—Burden on defendant as to plea of self-defense is only to raise reasonable doubt.**

The only burden resting on defendant with regard to his plea of self-defense is that he must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt.

**5. Homicide ⊜⟹151(3)—Charge as to defendant's burden on self-defense held error.**

In a prosecution for murder, it was reversible error to instruct that the burden shifted to defendant to establish certain elements of self-defense to the jury's reasonable satisfaction.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Commodore Baker was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte State ex rel. Attorney General (In re Baker v. State) 210 Ala. 374, 98 South. 215.

It appears that defendant and the deceased were working adjoining tracts embraced in the lands of defendant's father, both being engaged at the time in gathering peanuts. Some of the evidence shows that just prior to the difficulty defendant was using his father's plow stock, deceased a smaller one; that deceased came up to defendant and stated that defendant's father had told him he could use the larger plow stock, and to tell defendant to let him have it; that defendant proceeded to unhitch his team from the plow, but turned to his brother, who was near by, and asked him if their father had in fact said for deceased to get the plow stock. The brother replied in the negative. Defendant then stated that, this being so, he would keep the plow. Thereupon a quarrel ensued, during which defendant struck deceased the fatal blow on the head with a singletree.

Defendant's witness J. E. Baker testified that he was the father of defendant; that on the afternoon in question he was about three miles distant from the place of the difficulty hauling logs; that the week before he had been gathering peanuts, using the "Champion peanut plow" which defendant was using at the time of the difficulty; that after he quit he did not know whether defendant got his plow stock or not. The witness was then asked the question and gave the answer indicated in the opinion, which, on motion of the state, was excluded.

Sollie & Sollie, of Ozark, for appellant.

The court committed error in its oral charge. The burden is not upon the defendant to prove that he acted in self-defense, but he has met the requirements of the law if the evidence generates a reasonable doubt as to whether he acted in self-defense. McGhee v. State, 178 Ala. 4, 59 South. 573; Henson v. State, 112 Ala. 41, 21 South. 79; Whitten v. State, 115 Ala. 72, 22 South. 483; Miller v State, 107 Ala. 40, 19 South. 37; Rogers v. State, 117 Ala. 9, 22 South. 666.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The burden is on defendant to show real or apparent danger and no reasonable mode of escape. James v. State, 167 Ala. 14, 52 South. 840; 1 Mayfield's Dig. 810; 30 C. J. 144.

SAMFORD, J. [1] The question was asked the witness Mrs. Baker by defendant's counsel on her direct examination:

"If there was an easy way of escape from where Commodore [defendant] and that negro was."

The objection to this question was properly sustained as calling for a conclusion.

[2] Defendant's counsel asked J. E. Baker, defendant's witness, "Did you tell Jess [deceased] to get your plow stock and plow with it?" to which witness answered, "No, sir." On motion by the state the question and answer were excluded. There was no error in this. The testimony was not a part of, nor did it relate to, the res gestæ.

The defendant excepted to the following excerpts from the court's oral charge:

(1) Then the burden shifts to defendant to establish to your reasonable satisfaction the other two elements of self-defense.

(2) And then the burden is upon the defendant to establish the other two elements of self-defense to your reasonable satisfaction.

Upon the court's granting these exceptions defendant requested in writing the giving of charge 2 as follows:

"If upon all the evidence the jury have a reasonable doubt as to whether or not defendant was free from fault in bringing on the difficulty; as to whether or not at the time of

striking the fatal blow defendant was or reasonably apparently was, and honestly believed he was, and acted in the belief that he was, in imminent danger of losing his life or sustaining great bodily harm at the hands of deceased; and as to whether or not he could not or it reasonably appeared that he could not have retreated without increasing his danger, he must be acquitted."

This charge was refused, and these three exceptions embrace the same proposition.

Where excerpt 1 appears the oral charge reads as follows:

"If a man be free from fault in bringing on a difficulty and if he is so circumstanced either as that danger to life or limb is imperious and impending or if he honestly believes from his surroundings, being a reasonable man, that he is. in such danger, and that he could not retreat except by increasing his peril, then he had the right to stand his ground and defend himself even to the extent of taking human life. The state carries the burden as a whole; before you would be justified in convicting the defendant the state must offer you proof which when taken with the evidence as a whole convinces you beyond a reasonable doubt that the defendant is guilty of some offense; so far as self-defense is concerned, the state must convince you beyond a reasonable doubt that the defendant was not free from fault in bringing on the difficulty, or, to put it another way, that he was the aggressor. Then the burden shifts to the defendant to establish to your reasonable satisfaction the other two elements of self-defense; that is, that when he struck he was in the danger that I have described, either actual danger or that he honestly believed that there was danger, and that he couldn't depart unless by so doing his peril would have been increased or unless it would have appeared to a reasonable man placed as he was that to depart would have increased his peril. Those are the rules by which you are to be governed. If a man is free from fault in bringing on a difficulty, if he has done nothing to provoke his assailant, and then he is so situated as he honestly believes he is in the danger I have described, and that to retreat would increase his peril, then that man has the right to stand his ground and defend himself to the limit; but no man may, under any circumstances, create the necessity for taking human life and then justify himself under the doctrine of self-defense. I repeat, the state carries the burden as a whole to convince you by the evidence considered as a whole that the defendant is guilty beyond all reasonable doubt before you would be justified in finding him guilty."

Where excerpt 2 appears the court said:

"The state carries the burden as a whole, gentlemen; it's the duty of the state to convince this jury beyond all reasonable doubt of guilt before you could pronounce the defendant guilty. So far as self-defense is concerned, it must convince you beyond all reasonable doubt that the defendant was the aggressor in the difficulty, that is, that he was the man who produced or brought on the difficulty; and then the burden is upon the defendant to establish the other two elements of self-defense to your reasonable satisfaction."

In Clemons Case, 167 Ala. 20, 33, 52 South. 467, 472, the Supreme Court, speaking on this subject, said:

"Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime for [of] which he is charged. In all criminal cases, if the evidence, any or all of it, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted."

In McGhee's Case, 178 Ala. 4, 11, 59 South. 573, 576, it is said:

"While it is incumbent upon the defendant to establish his plea of self-defense, he meets the legal requirements if the evidence creates a reasonable doubt as to whether or not he acted in self-defense."

In Roberson's Case, 183 Ala. 43, in an exhaustive opinion on this subject, the opinion on page 55, 62 South. 837, on page 841, approves this rule:

"If the jury have a reasonable doubt, generated by all the evidence in the cause, as to whether defendant acted in self-defense or not, then they should acquit"—citing Smith v. State, 68 Ala. 424; Hurd v. State, 94 Ala. 100, 10 South. 528.

[3] The same rule is recognized in Wilson v. State, 171 Ala. 25, 54 South. 572; Caraway v. State, 18 Ala. App. 547, 93 South. 376; Miller v. State, 107 Ala. 40, 19 South. 37. There are cases in the reports of this state which seem to state a different doctrine, notably Robinson v. State, 108 Ala. 14, 18 South. 732; Ragsdale v. State, 12 Ala. App. 1, 67 South. 783; McBryde v. State, 156 Ala. 44, 47 South. 302. If these cases are in conflict with the true rule which has finally been adopted in this state, they should be overruled or modified. But, when these cases are considered in connection with this present contention, the difference may be found to be more apparent than real. For instance, in Robinson v. State, 108 Ala. 14–16, 18 South. 732, the opinon does not deal with this question at all, but is directed to the distinction between the words "reasonable" and "probable." In the case of Ragsdale v. State, 12 Ala. App. 1, 67 South. 783, the charge embodying this principle, while discussed by the court, was not held bad on grounds contrary to the rules above stated. And while headnote 5 in McBryde v. State, 156 Ala. 44, 47 South. 302, seems in conflict, the opinion does not bear out the headnote. Reviewing all the cases, we announce the rule to be: The burden is on the state to convince the jury by the evidence, beyond a reasonable doubt, that the defendant is guilty as charged, and this burden is never discharged until after a consideration of the whole evidence, including the evidence offered by defendant as to self-defense, and the jury is so convinced.

[4] The only burden resting on the defendant with regard to his plea of self-defense is

that the defendant must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt.

[5] The rulings of the court were not in line with the foregoing, and for the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J. (dissenting). In my opinion the criticisms indulged as to the oral charge of the court are not well founded. The charge, when considered as a whole, and it must be so considered, properly states the law of self-defense and the rules of evidence incident thereto. Error should not be predicated upon this oral charge which appears to the writer as being fair, explicit, and free from prejudicial error.

There was no error in refusing the written charge referred to in the opinion of SAMFORD, J. This charge is involved and argumentative. Moreover, the propositions of law attempted to be stated therein were fairly and substantially covered by the oral charge of the court.

I am of the opinion that the judgment appealed from should not be reversed for the reasons stated in the opinion.