(104 So. 886)

## CHIVERS v. STATE. (7 Div. 155.)

(Court of Appeals of Alabama. June 30, 1925.)

Criminal law ⟾789(5)—Instruction submitting another measure of proof than beyond reasonable doubt held prejudicial.

In prosecution for murder in second degree, instruction that, before jury could return verdict of not guilty, they must be reasonably satisfied and must believe certain facts connected with self-defense theory, *held* prejudicial, since proof of guilt in all criminal cases must be shown beyond reasonable doubt.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Charlie Chivers was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Merrill & Allen, of Anniston, for appellant.

Counsel argue for error in the oral instruction of the trial court, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The defendant was put to trial in the court below upon an indictment which charged the offense of murder in the second degree. It was the contention of the state that he unlawfully and with malice aforethought killed Joseph Keith by cutting him or by stabbing him with a knife, but without premeditation or deliberation.

The trial resulted in a conviction of the defendant of manslaughter in the first degree, and the jury who, under the law, ascertain the degree of homicide and determine the punishment, found him guilty, as stated, of first degree manslaughter, and fixed his punishment at imprisonment in the penitentiary at one year and one day. Judgment of the court based upon the verdict of the jury was accordingly pronounced.

On this appeal numerous questions are presented. The principal insistence of error, however, is predicated upon the exception reserved to a portion of the court's oral charge to the jury. In this connection the court said:

"Before you can return a verdict of not guilty in this case you must be reasonably satisfied from all this evidence that the defendant was about to be struck by a chair by the deceased, and that this blow would have likely resulted, had it fallen upon the defendant, in great bodily harm or in death, or the circumstances must have been such as to convince the mind of a reasonable man that such was about to be the case, and the defendant was so convinced, and you must believe the defendant was free from fault in bringing on the difficulty, and you must believe that there was no reasonable mode of escape without increasing his danger."

This exception is well taken, as the measure of proof in all criminal cases is beyond a reasonable doubt, and the above-quoted excerpt from the oral charge is manifest and prejudicial error. It has been so declared in the following cases: Baker v. State, 19 Ala. App. 432, 98 So. 213; Ex parte State ex rel. Attorney General, 210 Ala. 374, 98 So. 215; Perry v. State, 211 Ala. 458, 100 So. 842; Ex parte Hartford Williams v. State (Ala. Sup.) 104 So. 282.[1] Error as herein stated is conceded by the Attorney General representing the state in this case on appeal in this court. This manifest error in the oral charge of the court of necessity must work a reversal of the judgment of conviction appealed from. This renders unnecessary a discussion of other questions presented, and we pretermit such discussion for this reason. In all probability they will not again arise upon another trial. Moreover, no new or novel proposition of law is involved in any of these insistences of error.

Reversed and remanded.

