## WINTER AND SCISSON *vs.* THE STATE.

1. In a criminal prosecution it is error for the court to charge the jury, that if the proof left the question of the guilt or innocence of the accused in equipoise, they could not, on that account alone, acquit.
2. To warrant a conviction on an indictment for feloniously aiding slaves to escape from the service of their master, the State must prove that the defendant *aided* the slaves to escape, and that *they were the slaves* of the person whose property they are averred to be in the indictment.

ERROR to the Circuit Court of Fayette.

Tried before the Hon. Wm. R. Smith.

WM. S. EARNEST, for plaintiffs in error.

The declarations of a party in possession are competnet to show in what way he holds said property, and as against his interest are conclusive. The evidence here shown, in an

action for the freedom of the boys against intestate, would clearly establish their freedom. The prosecution stands precisely in the same attitude as intestate would. 4 A. R., 40; 8 ib., 653; P. Ev., 592 to 601.

The fact that Jones carried one of the boys to a free State was conclusive as to the freedom of him, and the court should so have charged.

The court erred, in charging the jury that if they believed the boys were mulattoes, that that fixed the presumption of slavery. Scott v. Williams, 1 North Carolina, 376; see Laws on Slavery by Wheeler, 406; the same doctrine is held in Louisiana;

In refusing to give the charge that the presumption of color was rebutted and destroyed by the declarations of Jones that they were free and born of a free woman, and his treating them as free and never having exercised acts of ownership over them for fifteen years;

In refusing to charge the jury that if they had a reasonable doubt of the slavery of the boys, that they must acquit. The slavery of the boys is the very gist of the prosecution. If they were not slaves, the defendants did nothing wrong.

The administrator has no right to the boys except the right of the intestate, and if Jones never had possession of them as slaves, and the administrator after his death never had possession of them as property, the court erred in refusing to give the jury the charge, if they believe the above facts that they must acquit the prisoners.

To sustain this action requires the same proof that would be necessary to sustain an indictment for larceny. Hence the owner must be correctly stated, and the proof must sustain the charge. Hence the court erred in refusing to give the last charge asked.

M. A. BALDWIN, Attorney General, for the State.

1. Was the charge of the court that "*mulatto was a presumption of slavery*" correct?

Mulatto is an equal admixture of the African and white race. State v. Thurman, 18 A. R., 276.

The only authority I have been able to find against the charge of the court is a decision from North Carolina, 2

Hayw. 170, and it is based upon the supposition, that when the descent of a mulatto cannot be proved, the *chance* of descent from a *white* mother is equal to that of his having descended from a negro mother.

Now if such was the fact, that mulattoes are descended as often from white mothers as from negro ones, then there might be something in the reason assigned. As a general rule, they are always descendants of negro mothers, and the cases of descents of mulattoes from white mothers are merely exceptions to the general rule.

In Virginia and Kentucky, it has been decided that a black or mulatto complexion is *prima facie* evidence that the person of such color is a slave. 3 Dana 385.

2. The charge asked, that the declarations of Jones that they were free, and born of free women, &c., was SUFFICIENT to destroy the presumption of slavery arising from color, was very properly refused by the court.

It is not the province of the court to charge on the *sufficiency* of testimony, 4 Por. 321; and besides, the court is asked to charge the jury, that if Jones *said they were* free merely, then they must find it, without regard to their belief whether it was so or not.

The fact that Jones treated them as his children was no evidence of freedom.

3. The declaration of Jones was only admissible as to pedigree.

It is a general rule that *hearsay evidence* is never admissible, except in cases of pedigree, prescription, custom, &c. The declarations of Jones were admissible to prove who was the mother of the boys, but not to prove whether she was free or not. The fact whether their mother was free or not was a specific fact, and susceptible of proof. 1 Wheat. 6; 7 Cranch 291 4; Rand. 617.

Were the declarations admissible, as being made by a party in possession, and against his interest? Neither Jones, nor his representative, was a party to the suit. Such declarations can only be given in evidence in a case where the declarant is a party or privy.

4. Upon the point of the doubt as to the slavery as charged by the court; see 2 Grattan 575, 8 Yerger 233.

LIGON, J.—The plaintiffs in error were indicted in the Circuit Court of Marion for feloniously aiding two slaves, Henry and George, to escape from their master's service. The State proved that Henry and George were mulattoes, that they had lived with one Jones for several years, when Jones died, and the prosecutor, Ship, became his administrator, but did not include in his inventory the boys Henry and George. The plaintiffs in error then introduced proof of facts, tending strongly to show that Henry and George were not slaves, but free persons of color. On this proof the court charged the jury, among other things, that, "If the presumption of slavery was raised, and fixed by color, the defendants must rebut that presumption by proving clearly that the boys were free; and if the matter as to the question of freedom or slavery was left in equipoise, they could not on that account alone acquit." To this ruling of the court the plaintiffs in error excepted. Several other exceptions were taken to the ruling of the court below, which it is not necessary for us to note.

No rule is better settled than that which requires a plaintiff, whether in a civil action or criminal prosecution, to prove the affirmative of the issue, before the defendant can be called on to exempt himself from the charge: in the former by a preponderance of proof, and in the latter beyond all reasonable doubt. It is also well settled that if, upon the whole proof, the charge is not made out beyond a reasonable doubt, the defendant must prevail; and if from the proof, the fact of guilt or innocence is left in equipoise, the jury should acquit. These principles are so well settled and established, that no citation of authority is necessary to sustain them.

· To make out the charge against the plaintiffs in error, it was necessary that the State should have proved that the prisoners *aided* the boys Henry and George *to escape*, and that *they were the slaves* of the person whose property they are averred to be in the indictment. If it fail to establish either of these points beyond a reasonable doubt, or if, upon the whole proof, a doubt existed as to either, the prisoners, for this cause alone, should have been acquitted.

The Circuit Court having ruled to the contrary, the judgment must be reversed, and the cause remanded.