(121 So. 1)

## JONES v. STATE. (8 Div. 762.)

Court of Appeals of Alabama. March 19, 1929.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The plea of defendant to the charge in the indictment was self-defense. There was evidence introduced by defendant tending to prove this plea.

■■ In his general charge to the jury, the court charged, as a part of the law of the case:

"There are three essential elements in the defense of self defense the first of these is: 'First: that the defendant must have been free from all fault in provoking or bringing on the difficulty. She must not have said anything or done anything to provoke or bring it on. If she did, in law she is held to have caused the necessity to take the life of the deceased and could not be acquitted on the ground she acted in self defense.

"Second: She must have been in danger, either real or apparent of losing her own life or of receiving grievous bodily harm at the hands of the deceased, at the time when she stabbed him. This danger need not be real, it may be apparent, but if apparent, it must be so apparent as to create the bona fide belief of the existing necessity to take the life of the deceased in order to save her own life or prevent great bodily harm being inflicted on her.

"Third: She must have retreated, rather than take the life of the deceased, if by doing so she can prevent killing the deceased and not increase her own danger.

"All three of these elements must concur before you can acquit the defendant on the ground she acted in self defense. The burden of proof under the plea of self defense is first upon the defendant to establish the second and third elements of self defense to the reasonable satisfaction of the Jury, if she establishes these two elements then the burden shifts to the State to show that the defendant was at fault in provoking or bringing on the difficulty."

To the last paragraph of the above the defendant duly reserved an exception. This charge places too great a burden on the defendant with reference to her plea. The only burden resting on the defendant in this regard is that she must offer such evidence in support of her plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of her guilt. Baker v. State, 19 Ala. App. 432, 98 So. 213; Ex parte State, etc., 210 Ala. 374, 98 So. 215; Clemons v. State, 167 Ala. 20, 52 So. 467; McGhee v. State, 178 Ala. 4, 59 So. 573; Roberson v. State, 183 Ala. 43, 62 So. 837; Wilson v. State, 171 Ala. 25, 54 So. 572; Caraway v. State, 18 Ala. App. 547, 93 So. 376; Williams v. State, 20 Ala. App. 604. 104 So. 280; Ex parte Williams, 213 Ala. 121, 104 So. 282; Perry v. State, 211 Ala. 458, 100 So. 842.

The foregoing disposes of the appeal in this case, and, as the other questions presented will not probably arise on another trial, we do not now pass upon them.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.