

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

One of the defenses embraced in appellant's plea to the indictment, was that known as "self defense." There was testimony introduced by her, tending to support her contention in this regard.

In his general charge to the jury, the court charged, as a part of the law of the case: "The burden of proof under the plea of self defense is first upon the defendant to prove the second and third elements of self defense, that is, that he was in danger, either real or apparent, at the time he shot, of losing his own life or of receiving grievous bodily harm and that he could not retreat without increasing his own danger, to the reasonable satisfaction of the Jury."

Due exception was reserved to the quoted portion of said charge. The same placed too great a burden on the defendant with reference to her plea as of "not guilty by reason of self defense," etc. Perry v. State, 211 Ala. 458, 100 So. 842.

The true rule with reference to the subject-matter of the quoted portion of the court's oral charge, just above set out, is stated succinctly, and correctly, in the opinion by Judge Samford in the case of Baker v. State, 19 Ala. App. 432, 98 So. 213. And, see Jones v. State, ante, p. 77, 121 So. 1.

The foregoing disposes of the appeal in this case, and, as the other questions presented will not probably arise on another trial, we do not now pass upon them.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

(127 So. 251)

## Aaron FUQUA v. STATE.
### 8 Div. 847.

Court of Appeals of Alabama.
March 18, 1930.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Reversed and remanded on authority of Lou Bernice Fuqua v. State, ante, p. 467, 127 So. 251.