(130 So. 903)

## BARBAREE v. STATE.

### 4 Div. 703.

Court of Appeals of Alabama.
Nov. 18, 1930.

J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The plea of self-defense was invoked, and the evidence on this question was in sharp conflict. On this question the court charged the jury: "In making his claim that he acted in self defense before you and on this trial here, he (defendant) is not required to prove * * * in order to establish his defense— he is not required to prove that he was free from fault in bringing on the difficulty. The burden is on the State to prove that he was not free from fault in bringing on the difficulty, but it is his duty in this case, if he undertakes to maintain that he acted in self defense before you, to establish the other elements of self defense." The defendant duly noted an exception to that part of the charge as follows: "But it is his duty (defendant) to establish the other elements of self defense." The burden placed upon the defendant by this part of the court's charge constituted error. The rule as to the duty of defendant in sustaining a plea of self-defense is stated in Baker v. State, 19 Ala. App. 432, 98 So. 213, and sustained by later decisions as follows: Ex parte State ex rel., etc., 210 Ala. 374, 98 So. 215; Perry v. State, 211 Ala. 458, 100 So. 842; Ex parte Williams, 213 Ala. 121, 104 So. 282; Chivers v. State, 21 Ala. App. 41, 104 So. 886. The rule now is that the only burden resting on the defendant with regard to his plea of self-defense is that he must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt. To require that the defendant establish a fact is a greater burden than is above indicated. Smith v. McDonald, ante, p. 88, 130 So. 516.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.