(132 So. 61)

## LEE v. STATE.

### 4 Div. 652.

Court of Appeals of Alabama.

Jan. 13, 1931.

J. C. Fleming and C. L. Rowe, both of Elba, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The indictment in this case upon which this appellant was put to trial charged him with the offense of murder in the first degree, in that "he unlawfully and with malice afore-

thought killed John Thomas McCord by shooting him with a pistol." The trial resulted in the conviction of appellant of murder in the second degree, and his punishment was fixed at imprisonment in the penitentiary for ten years. He was sentenced accordingly, and judgment of conviction was duly entered, from which this appeal was taken.

The state insisted that the killing of McCord by this appellant was a cruel and uncalled for murder, and that the testimony of wholly disinterested eyewitnesses fully met the burden of proof resting upon the state, and was sufficient to make out the case of murder as charged in the indictment. The defendant, on the other hand, insisted that the killing was done in self-defense, and offered some testimony to sustain this insistence. Thus a jury question on the facts was presented. We pretermit a discussion of the evidence and its tendencies, for, without reference to the apparent atrocity of the crime charged and the evidence in support thereof, the defendant on trial, as in all criminal cases, was entitled to a fair and impartial trial free from prejudicial error.

Several insistences of error are presented, but, with exception of the two points of decision hereinafter discussed, we discover no error in any of the court's rulings to which exceptions were reserved sufficient to necessitate a reversal of the judgment of conviction from which this appeal was taken.

The two questions referred to relate to exceptions reserved by appellant to two excerpts of the court's oral charge on the question of the burden of proof as to the law of self-defense. These exceptions were properly reserved, and, as shown by the bill of exceptions, are as follows:

(1) "The burden being on the defendant to prove he was in imminent danger of death, or grievous bodily harm, either actual or apparent."

(2) "Now as I said, the burden is on the defendant, to prove every element of self-defense, except only in this; that the burden is on the State to prove that the defendant was not free from fault in bringing on the difficulty."

Innumerable decisions of the Supreme Court of this state, covering a long period of years, have given approval to charges, oral and written, of the same import of the charge here given and complained of; and, so far as we have been able to ascertain, those decisions have never been overruled or modified directly; and these opinions sustain the lower court in the case at bar in the manner or method of stating the law of self-defense and the burden of proof resting upon the accused. But in later, in fact, in recent decisions of the Supreme Court, the charge in question

has been held to be error as placing too great a burden upon the defendant. As now stated, the rule seems to be, when self-defense is relied upon, the accused is under the duty only to offer such evidence in support of said plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt. These opinions expressly hold it error to charge the jury that the burden of proof is upon the defendant to establish or prove the two elements of self-defense here involved. Roberson v. State, 183 Ala. 43, 58, 62 So. 837, 842. In that case the court said: "Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime of which he is charged; in all criminal cases, if the evidence, any or all of it, after considering all, raises in the minds of the jury a reasonable doubt as to his guilt, he should be acquitted. * * * While it is incumbent upon the defendant to establish his plea of self-defense, he meets the legal requirements if the evidence creates a reasonable doubt as to whether or not he acted in self-defense, and he does not have to satisfy the jury beyond a reasonable doubt that he acted in self-defense."

In Perry v. State, 211 Ala. 458, 100 So. 842, 843, the lower court charged the jury "that the burden rested upon defendant to prove to the reasonable satisfaction of the jury the necessity for taking the life of deceased, and that there was no reasonable avenue of escape." The Supreme Court, speaking through Mr. Justice Sayre, said:

"But defendant's complaint is that the burden was too heavily laid upon him, that he should not have been required to prove the named elements of self-defense to the reasonable satisfaction of the jury, but that he met the requirements of the law if his evidence created a reasonable doubt as to whether he acted in self-defense, and the latest decisions of this court have been in accord with this contention. McGhee v. State [178 Ala. 4, 59 So. 573], supra; Roberson v. State, 183 Ala. 43, 62 So. 837; Ex parte State ex rel. Attorney General, In re Baker v. State, 210 Ala. 374, 98 So. 215. True, the court also instructed the jury to acquit if, upon the whole evidence, that tending to support the plea of self-defense included, they entertained a reasonable doubt whether the defendant had acted in self-defense; but, as to that, it is complained that, by refusing to change its instruction on this point when exceptions were reserved, the court added emphasis to its erroneous statement of the law (Berry v. State, 209 Ala. 120, 95 So. 453), and that the trial court could not avoid a reversal by charging the law in contradictory ways, for, in such case, the jury would not know which instruction to follow (Roberson v. State, 183 Ala. 60, 62 So. 837). We apprehend the trial court in-

170

tended no ambiguous statement of the law—in fact there are decisions of this court which may seem to sustain the court's method of stating the law of self-defense to the jury; but, in view of the later cases to which we have referred, the court concludes that the judgment of conviction in this case should be reversed."

In the case of Ex parte Williams, 213 Ala. 121, 104 So. 282, 283, it appears that the lower court instructed the jury as follows:

"The burden rests upon this defendant to satisfy the jury that two of the elements of self-defense existed; with regard to self-defense there are two points about which the defendant must satisfy you—he must satisfy you that before he struck to kill the danger existed, either the real or reasonably apparent danger, and then he must satisfy you that to have retreated would have increased his peril, or that it would have so appeared to a reasonable man placed as he then was. * * * And the burden is upon him to establish the existence of these two elements; he must reasonably satisfy you there."

As to this charge the Supreme Court, through Mr. Justice Somerville, said:

"This instruction was erroneous (Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674); and it must be held as prejudicial error, working a reversal of the judgment of conviction, notwithstanding the prefatory instruction that the burden was upon the state, as a whole, to convince the jury of the defendant's guilt, upon all the evidence."

In this case the court also stated:

"In homicide cases, where self-defense is relied upon—the state having made out a prima facie case of intentional killing by evidence which does not itself tend to show that the killing was done in self-defense—the burden rests upon the defendant to offer some evidence tending to show (1) that he was in actual and imminent danger of death or serious bodily harm, or that he honestly and reasonably believed that he was in such danger by reason of circumstances apparent to him; and (2) that he was apparently unable to retreat in safety, or without increasing his peril.

"The defendant's burden in this behalf has often been loosely referred to as the burden of proving self-defense, and sometimes as the burden of reasonably satisfying the jury of the existence of the two elements above referred to. But the actual burden is not a burden of proof, in the ordinary sense of the phrase, to establish an issue to the reasonable satisfaction of the jury, but a burden merely of offering enough evidence tending to show these two elements to generate, in connection with all the other evidence, a reasonable

doubt of defendant's guilt of the unlawful killing charged."

Other recent decisions in line with the foregoing are: Jones v. State, 23 Ala. App. 77, 121 So. 1; Baker v. State, 19 Ala. App. 432, 98 So. 213, certiorari denied 210 Ala. 374, 98 So. 215; Fuqua v. State, 23 Ala. App. 467, 127 So. 251.

The decisions of the Supreme Court shall govern the holdings and decisions of this court. Section 7318, Code 1923. We therefore perforce must hold that the exceptions to the oral charge of the court in the case at bar, hereinabove quoted, were well taken and must be sustained. This, of course, necessitates a reversal of the judgment of conviction from which this appeal was taken, and it is so ordered.

Reversed and remanded.