159 So. 268

### MEADOWS v. STATE.
### 7 Div. 80.

Court of Appeals of Alabama.
Feb. 5, 1935.

**312**

Haralson & Son, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The evidence for the state tended to sustain the charge. The plea of defendant was, besides the general issue of not guilty, self-defense, which plea the evidence for defendant tended to sustain.

The court in his general charge, after instructing the jury as to the elements of self-defense, further charged, "The burden of proof is on defendant to prove his plea of self defense." Exception was reserved to this portion of the court's oral charge, and is here insisted on as error.

The burden of proof is no different in a misdemeanor case from that in a felony, and this court in Baker v. State, 19 Ala. App. 432, 98 So. 213, 215, laid down the rule as to the burden of proof resting on a defendant on trial, where the plea of self-defense was involved, in which case we said: "Reviewing all the cases, we announce the rule to be: The burden is on the state to convince the jury by the evidence, beyond a reasonable doubt, that the defendant is guilty as charged, and this burden is never discharged until after a consideration of the whole evidence, including the evidence offered by defendant as to self-defense, and the jury is so convinced.

"The only burden resting on the defendant with regard to his plea of self-defense is that the defendant must offer such evidence in support of such plea as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt."

In the opinion in the above-cited case, this court pointed out and differentiated former decisions of the Supreme Court which from a superficial reading seemed to hold to a different view. The case of Baker v. State, supra, was approved by the Supreme Court in Ex parte State ex rel. Attorney General, 210 Ala. 374, 98 So. 215, and has since been followed in Ex parte Williams, etc., 213 Ala. 121, 104 So. 282; Chivers v. State, 21 Ala. App. 41, 104 So. 886; Jones v. State, 23 Ala. App. 77, 121 So. 1; Fuqua v. State, 23 Ala. App. 467, 127 So. 251; Barbaree v. State, 24 Ala. App. 127, 130 So. 903; Lee v. State, 24 Ala. App. 168, 132 So. 61.

The portion of the charge excepted to constitutes reversible error notwithstanding a general instruction that the jury must believe from the whole evidence beyond a reasonable doubt that the defendant is guilty. Ex parte Williams, etc., supra.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.