27 So.2d 228

## HUBBERT v. STATE.
### 8 Div. 512.

Court of Appeals of Alabama.
June 25, 1946.

Rehearing Denied Aug. 1, 1946.

Bradshaw & Barnett, of Florence, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for murder in the first degree. He was by a jury found guilty of murder in the second degree and his punishment fixed at imprisonment in the penitentiary for a term of twenty years.

If the evidence presented by the State be believed it clearly established the offense of murder in the second degree. The tendency of this evidence was that appellant waylaid Clifford Olive on a little used road known as the Ridge Road in a remote section of Lauderdale and killed him by shooting him with a shotgun. At the time of the shooting the deceased was accompanied by his brother who was also wounded by the blast fired by appellant.

In the trial below appellant sought to justify the killing by evidence tending to show that he acted in self defense.

Numerous character witnesses testified to defendant's good reputation. Most of these witnesses were cross examined as to whether they had not heard that prior to this killing appellant was married, but had abandoned his wife and child, and was not supporting them. All of these questions were timely objected to by appellant, and the objections overruled.

■ Appellant's counsel argues that many of these questions propounded to the appellant's character witnesses on cross examination were faulty because of their phrasing, in that they were asked in a form assuming facts not in evidence. This arose from the solicitor asking these witnesses "You have heard that etc.," instead of "Have you heard that, etc." (setting forth the misconduct). We do not think that the phrasing of the questions by the solicitor, while not technically in correct form, was of sufficient seriousness to justify a holding that the trial court erred in not sustaining appellant's objections to such questions. The record indicates clearly that the questions were addressed to appellant's character witnesses for the purpose of ascertaining the basis of their estimates of appellant's character and as such were properly admitted. Mullins v. State, 31 Ala.App. 571, 19 So.2d 845.

In his oral charge to the jury the trial court instructed the jury on the elements of self defense as follows:

"In law there are three elements of self defense. First, the defendant must be free from all fault in provoking or bringing on the fatal difficulty. He must not do anything or say anything to provoke or bring it on. If he does, in law he is held to have caused the necessity to take the life of the deceased and he cannot be acquitted on the ground that he acted in self defense. The second element of self defense is that at the time the defendant killed the deceased he must have been in danger, either real or apparent, of losing his own life or of receiving serious bodily harm at the time he killed the deceased. Now this danger need not be real, it may be apparent. If it is apparent, it must be so apparent as to produce a bona fide belief of the existing necessity to take the life of the deceased. The true test is whether or not the defendant was in danger of losing his own life or of receiving serious bodily harm at the hands of the deceased. You take all the facts and circumstances given you by the witnesses from the witness stand in this case; the distance that it appeared, whether the deceased had a weapon and if he was in danger, the defendant was in danger of losing his life or receiving serious bodily harm at the hands of the deceased with that weapon. The true test of the second element of self defense is, the defendant must—you must believe from the facts and circumstances that surrounded the defendant at the time he shot deceased that he was in danger of losing his own life or of receiving serious bodily harm. If he believed he was in danger of losing his own life or receiving serious bodily harm at the hands of the deceased, then if the defendant believed that and shot under that belief then, gentlemen of the jury, the second element of self de-

fense appears in the case, but if he shot him before it was necessary to shoot to save his own life, to protect himself from serious bodily harm from the deceased then, gentlemen of the jury, the second element of self defense does not appear. And if he shot before it did appear then, gentlemen of the jury, the second element of being in danger of losing his own life or receiving serious bodily harm at the hands of the deceased does not appear in the case. The third element is that the law requires a man to be free from fault and if he is in danger, either real or apparent of losing his own life or receiving serious bodily harm, to flee, or rather to retreat, if by retreating he could prevent the taking of the life of the deceased, and not increase his own danger. Now if the defendant from his testimony has established the second and third elements of self defense, then the burden is on the State to establish the first element; that is, freedom from fault. And if he has shown he was in danger, either real or apparent of losing his own life and that he could not retreat without increasing his own danger, and if the State has failed to show that he was at fault in bringing on the difficulty, then it would be your duty to acquit him on the ground that he acted in self defense."

The appellant reserved an exception to that portion of the charge stating:

"Now if the defendant, from his testimony has established the second and third elements of self defense."

 As said in Clemons v. State, 167 Ala. 20, 52 So. 467, 472: "Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime for which he is charged. In all criminal cases, if the evidence, or any or all of it, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted."

More specifically as pertaining to the burden resting on a defendant to sustain his plea of self defense our Supreme Court in Roberson's case, Roberson v. State, 183 Ala. 43, 62 So. 837, 841 said: "If the jury have a reasonable doubt, generated by all the evidence in the cause, as to whether the defendant acted in self-defense or not, then they should acquit."

Despite cases in our reports seeming to state a different rule (see Robinson v. State, 108 Ala. 14, 18 So. 832; Ragsdale v. State, 12 Ala.App. 1, 67 So. 783; McBryde v. State, 156 Ala. 44, 47 So. 302), it is now definitely settled that the rule as to the burden resting on a defendant where he relies on self defense as a justification is that he must only offer such evidence as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt. Baker v. State, 19 Ala. App. 432, 98 So. 213; Barbaree v. State, 24 Ala.App. 127, 130 So. 903; Lee v. State, 24 Ala.App. 168, 132 So. 61.

It is our opinion that the portion of the oral charge excepted to by appellant placed on him a greater burden in connection with his plea of self defense than required by the now developed doctrine of this jurisdiction pertaining to sustaining a plea of self defense.

Reversed and remanded.