112 So.2d 353

**Louis E. DAVIS**

v.

**STATE.**

**I Div. 761.**

Court of Appeals of Alabama.

Dec. 9, 1958.

Rehearing Denied Jan. 6, 1959.

Harry Seale, Mobile, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was indicted for the first degree murder of William F. Knight.

His trial resulted in a verdict and judgment of guilty of manslaughter in the first degree, his punishment being fixed at imprisonment in the penitentiary for a term of five years; hence this appeal.

In the trial below the evidence presented by the defense was directed toward showing self defense.

Since errors in the court's oral charge to the jury necessitate a reversal of this judgment, we see no useful purpose in setting forth the evidence.

We excerpt the following statements from the court's oral instruction in reference to self defense, both statements being duly excepted to by defense counsel:

"However, it is incumbent on the defendant to introduce such evidence, under the plea of self defense, as to generate in your mind a doubt as to whether or not the defendant is guilty or whether he is innocent by reason of self defense.

\* \* \* \* \* \*

"Before he establishes the fact that he was free from fault in bringing on the difficulty, he must bring forth facts to show that he was in real, apparent, or imminent danger."

Upon the reservation of exceptions to the court's oral charge the court gave further instructions, that portion of which extended instruction pertinent to this review reading as follows:

"Now, gentlemen, in connection with the defense of self defense: I charge you this: that the . burden of proof never shifts from the State of Alabama to the defendant. If the defend-

ant brings forth evidence sufficient to generate in your mind a doubt as to whether or not he is guilty beyond all reasonable doubt and to a moral certainty, then the defendant is entitled to the benefit of that doubt, and I have defined to you the elements of self defense, but the burden never shifts from the state to the defendant to satisfy you as to those elements. The question for you is: do those elements that he has brought in generate in your mind a doubt as to whether the defendant is guilty as charged in the indictment."

█ It is to be noted that in the extended instructions, the court yet left the establishment of self defense to rest upon a reasonable doubt generated from the evidence brought forth by the defendant.

In considering the same point now before us in Hubbert v. State, 32 Ala.App. 477, 27 So.2d 228, 230, we wrote:

"As said in Clemons v. State, 167 Ala. 20, 52 So. 467, 472: 'Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime for which he is charged. In all criminal cases, if the evidence, or any or all of it, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted.'

"More specifically as pertaining to the burden resting on a defendant to sustain his plea of self defense our Supreme Court in Roberson's case, Roberson v. State, 183 Ala. 43, 62 So. 837, 841 said: 'If the jury have a reasonable doubt, generated by all the evidence in the cause, as to whether the defendant acted in self-defense or not, then they should acquit.'

"Despite cases in our reports seeming to state a different rule (see Robin-son v. State, 108 Ala. 14, 18 So. 732; Ragsdale v. State, 12 Ala.App. 1, 67 So. 783; McBryde v. State, 156 Ala. 44, 47 So. 302), it is now definitely settled that the rule as to the burden resting on a defendant where he relies on self defense as a justification is that he must only offer such evidence as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt. Baker v. State, 19 Ala. App. 432, 98 So. 213; Barbaree v. State, 24 Ala.App. 127, 130 So. 903; Lee v. State, 24 Ala.App. 168, 132 So. 61."

The doctrine of Cochran v. State, 33 Ala. App. 515, 35 So.2d 363, supported by numerous authorities is also to the same effect.

The Attorney General contends that since no exception was reserved to the extended oral instruction, all prior exceptions were waived. McFarling v. State, 35 Ala.App. 191, 45 So.2d 322, is cited in support of this contention.

In the McFarling case, supra, counsel for the defendant specifically announced that he was satisfied with the clarification made by the court in response to the original exception. Under such circumstances we held that the original exception was waived. We adhere to this view, since otherwise an invited error would be permitted.

Statements to the effect that failure to except to the extended charge, after exceptions to the original charge waives the original exceptions, may also be found in the cases of Beddow v. State, Ala.App., 96 So.2d 175,[1] and Hanby v. State, Ala. App., 101 So.2d 553.[2] However such statements in these two cases are dicta, since a reading of these opinions shows that the extended oral charge clarified and corrected that portion of the original charge to which exceptions were reserved.

1. 39 Ala.App. 29.

2. 39 Ala.App. 392.

■ Where, as here, the extended charge does not cure the error of the original charge to which an exception was reserved, but continues the error, we do not think the failure to again except should be deemed a waiver of the original exception. For, as stated in Long-Bell Lumber Co. v. Stump, 8 Cir., 86 F. 574, 583: "And, so far from the silence of counsel at the reassertion of the error by the court evidencing a waiver of the first error, it but evinces a respectful deportment by counsel towards the court."

Reversed and remanded.

