121 So.2d 107

David E. LESTER

v.

STATE.

1 Div. 803.

Court of Appeals of Alabama.

Nov. 10, 1959.

Rehearing Denied Dec. 1, 1959.

Harry Seale, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

**HARWOOD, Presiding Judge.**

Under an indictment charging murder in the first degree this appellant was found guilty of murder in the second degree by a jury, and judgment was entered pursuant to the verdict.

In the trial below the evidence presented by the defense was directed toward establishing justification by reason of self-defense.

Since it is our conclusion that this judgment must be reversed because of errors infecting the lower court's instructions to the jury, we see no need of delineating the evidence.

During his oral charge the court instructed the jury in part as follows:

"Well, now, we come down to this burden of proof. Who has the burden of proof? Whose duty is it to show these things, these elements of self-defense? All right. The burden of proof is on the defendant to show you by competent evidence that there was present impending danger, real or apparent, to his life or limb, or of grievous bodily harm, from which there was no reasonable means of escape, unless the evidence which proves the homicide proves also the excuse or justification. The burden of proof is also on the defendant to establish by competent evidence that he could not retreat, as the court has defined the same to you."

In connection with the above quoted portions of the court's oral charge, the record shows the following:

"By Mr. Seale: I want to reserve about three exceptions, if the Court please. Mr. Reporter, the Court's oral charge in which the Court stated, in substance, the burden was on the defendant to show by competent evidence that he was in imminent danger before the shooting.

"By the Court: Yes, gentlemen, I stated that and I do not withdraw it, it is still the law but in connection with what other things I said to you in connection with it. All right."

Thereafter counsel duly reserved an exception to that portion of the court's oral charge to the effect that the burden of proof was also on the defendant to establish by competent evidence that he could not retreat.

As to the burden resting on a defendant to sustain his plea of self-defense, this court clearly set forth the rule in Hubbert v. State, 32 Ala.App. 477, 27 So. 2d 228, 230, as follows:

"Despite cases in our reports seeming to state a different rule (see Robinson v. State, 108 Ala. 14, 18 So. 732; Ragsdale v. State, 12 Ala.App. 1, 67 So. 783; McBryde v. State, 156 Ala. 44, 47 So. 302), it is now definitely settled that the rule as to the burden resting on a defendant where he relies on self-defense as a justification is that he must only offer such evidence as will, when considered with the whole evidence, generate in the minds of the jury a reasonable doubt of his guilt. Baker v. State, 19 Ala.App. 432, 98 So. 213; Barbaree v. State, 24 Ala.App. 127, 130 So. 903; Lee v. State, 24 Ala. App. 168, 132 So. 61."

Because of its aptness to the present case, we quote the following exposition by the late Sayre, J., in Perry v. State, 211 Ala. 458, 100 So. 842, 843:

"(3). The leading proposition of this appeal, defendant's main cause of complaint, is that the court, instructing the jury on the subject of self-defense—

the only litigable question in the case— told the jury that the burden rested upon defendant to prove to the reasonable satisfaction of the jury the necessity for taking the life of deceased, and that there was no reasonable avenue of escape. That this burden in some sort rested upon the defendant has long been the settled law of this court. The proposition has been frequently stated by the court. It will suffice to cite a few of the cases. Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am.St.Rep. 96; Naugher v. State, 105 Ala. 29, 17 So. 24; Henson v. State, 112 Ala. 41, 21 So. 79; McGhee v. State, 178 Ala. 4, 59 So. 573. But defendant's complaint is that the burden was too heavily laid upon him, that he should not have been required to prove the named elements of self-defense to the reasonable satisfaction of the jury, but that he met the requirements of the law if his evidence created a reasonable doubt as to whether he acted in self-defense, and the latest decisions of this court have been in accord with this contention. McGhee v. State, supra; Roberson v. State, 183 Ala. 43, 62 So. 837; Ex parte State ex rel. Attorney General (Baker v. State), 210 Ala. 374, 98 So. 215. True, the court also instructed the jury to acquit if, upon the whole evidence, that tending to support the plea of self-defense included, they entertained a reasonable doubt whether the defendant had acted in self-defense; but, as to that, it is complained that, by refusing to change its instruction on this point when exceptions were reserved, the court added emphasis to its erroneous statement of the law (Berry v. State, 209 Ala. 120, 95 So. 453), and that the trial court could not avoid a reversal by charging the law in contradictory ways, for, in such case, the jury would not know which instruction to follow (Roberson v. State, 183 Ala. 43, 62 So. 837). We apprehend the trial court intended no

ambiguous statement of the law—in fact there are decisions of this court which may seem to sustain the court's method of stating the law of self-defense to the jury; but, in view of the later cases to which we have referred, the court concludes that the judgment of conviction in this case should be reversed."

It is to be noted that in the Perry case, immediately supra the disapproved instruction at least qualified the burden cast on a defendant to prove self-defense "to the reasonable satisfaction of the jury," whereas in the present case the burden erroneously placed on the defendant was to establish self-defense "by competent evidence," with no description as to what degree of proof might be required. "Competent evidence" without more elucidation is in itself an invitation to confusion.

Be that as it may, the doctrine enunciated in the Clemmons v. State, 167 Ala. 20, 52 So. 467, Hubbert, and Perry cases is clear, and necessitates a reversal of this judgment. The same doctrine has also been set forth in Cochran v. State, 33 Ala.App. 515, 35 So.2d 363, wherein the late Presiding Judge Bricken, considering statements in the lower court's oral charge virtually the same as those appearing in the present case, stated that the exceptions to the oral charge were well taken and must be sustained, and supports his conclusion with a long list of authorities, both from the Supreme Court, and this court. We will not herein again list those authorities.

In the recent case of Davis v. State, Ala. App., 112 So.2d 353,[1] we again review the principles relating to the location of the burden of proof relating to self-defense, and held the following statements in the court's oral charge to be error to reversal:

"However, it is incumbent on the defendant to introduce such evidence, under the plea of self defense, as to generate in your mind a doubt as to whether or not the defendant is guilty

1. Ante, p. 118.

or whether he is innocent by reason of self defense.

\*   \*   \*   \*   \*   \*

"Before he establishes the fact that he was free from fault in bringing on the difficulty, he must bring forth facts to show that he was in real, apparent, or imminent danger."

Certiorari was denied by our Supreme Court in the Davis case, supra. See Davis v. State, Ala.Sup., 112 So.2d 355.

The Attorney General strenuously argues that there is a conflict between the doctrine found in the decisions of this court, and that found in the decisions of our Supreme Court as to the placement of the burden of proof relative to self-defense. Our analysis of decisions of both courts reveals no such conflict. Many of our Supreme Court cases are cited in the opinions of this court supporting the conclusion therein reached.

However, the Attorney General argues that certain language found in Cooley v. State, 233 Ala. 407, 171 So. 725, supports his thesis that the burden of proof is on a defendant to establish self-defense. In the Cooley case, the court was writing to the question of whether the affirmative charge should have been given at defendant's request, because as appellant's counsel contended, the only evidence which directly related to the incidents of the killing showed that it was done in self-defense. (The defendant and his wife being the only eyewitnesses.) The court, in writing to this contention, made some general observations tending to support the argument of the Attorney General. The court was not then dealing with the oral instructions of a court to a jury, where exactness and clarity as to a statement of law is essential if it is to serve any useful purpose.

"It is a mistake to suppose that expressions in judicial opinions properly there used, can, be made to serve as clear, succinct statements of the law in special charges to the jury." See also Kansas City, Memphis & Birmingham Ry. Co. v. Matthews, 142 Ala. 298, 39 So. 207.

The above observation is of course equally applicable in reference to statements made in a court's oral instructions—probably more so since they are direct statements from the court as to the law, rather than statements of law vicariously fed to the jury by request of counsel.

Being clear to the conclusion that this judgment must be reversed because of the error above discussed, we pretermit consideration of several other points raised and argued in appellant's brief, they not being likely to arise in another trial of this case.

Reversed and remanded.