121 So.2d 110

David E. LESTER

v.

STATE of Alabama.

1 Div. 878.

Supreme Court of Alabama.

June 2, 1960.

[1]. Ante, p. 114.

632

Harry Seale, Mobile, opposed.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for petitioner.

COLEMAN, Justice.

David E. Lester was convicted of murder in the second degree and appealed to the Court of Appeals. That court reversed because of error in a portion of the oral charge of the trial court to which exception was reserved. The State now applies for certiorari and complains that the Court of Appeals erred because that court failed to consider the entire oral charge and also misconstrued the meaning of the phrase "burden of proof."

In brief the State quotes at length from Jones on Evidence (5th Edition), Vol. 1, §§ 204 and 205. A portion of the quoted text recites as follows:

" '§ 204. The expression "burden of proof" has not a fixed and unvarying meaning and application. On the contrary, it is used, at times indiscriminately, to signify one or both of two distinct and separate ideas. * * *

" 'The modern authorities are substantially agreed that, *in the strict primary sense,* "burden of proof" signifies the duty or obligation of *establishing, in the mind of the trier of facts, conviction on the ultimate issue;* * * *.

" 'In its secondary sense, the expression "burden of proof" *signifies the duty that rests upon a party of going forward with the evidence at any given stage of the case*—although eminent authority holds that this is, or should be, its primary sense. * * * ' "

That portion of the oral charge held erroneous by the Court of Appeals recites in part:

" ' * * * The burden of proof is on the defendant to show you by competent evidence that there was present impending danger, real or apparent, to his life or limb, or of grievous bodily harm, from which there was no reasonable means of escape, unless the evidence which proves the homicide proves also the excuse or justification. The burden of proof is also on the defendant to establish by competent evidence that he could not retreat, as the court has defined the same to you.' "

In brief, the State argues:

"It plainly appears from the foregoing that the burden of proof, spoken of by the trial court in the case at bar in its oral charge, was the *evidence introduced by the defendant* and also the other evidence in the case. The words 'burden of proof,' employed by the trial court, properly referred to the evidence introduced by the defendant and the other evidence in the case. They were explained and removed from the evil of proof in the ordinary sense that embraces the ultimate issue or requires a preponderance of evidence. * * * "

■ We do not think a jury can be expected to understand that a trial court means one thing at one time when it says "burden of proof" and a different thing at another time when the court again uses the identical phrase. We do not think the Court of Appeals has misconstrued the meaning of "burden of proof." See the cases cited in the opinion of that court.

The State insists that the portion of the oral charge held erroneous by the Court of Appeals was rendered innocuous by the following portion of the oral charge which immediately followed the portion excepted to and which was not set out by the Court of Appeals, to wit:

" ' * * * As to these elements of actual or apparent danger and of retreat the Court further charges you that the defendant has met the burden of proof when he introduces sufficient evidence, considered along with all of the other evidence in the case, that raises in your mind a reasonable doubt of his guilt. All right; what about

the other elements there of provoking the difficulty or fighting willingly. *When the defendant has proven* in the manner just stated *the elements of* self-defense with respect to *danger,* real or apparent, to his life or of grievous bodily harm, *and* also the element of retreat, *if he is required under the law to prove the same, then the burden shifts to the State* of Alabama to satisfy you beyond all reasonable doubt that the defendant was not free from fault in bringing on the difficulty, as has just been stated to you, or that he fought willingly to gratify a desire to fight.'" (Emphasis Supplied.)

We are not persuaded that the last quoted portion of the oral charge is itself a clear and correct statement of the law.

 A plea of self-defense in a criminal trial is not an affirmative plea of confession and avoidance on which defendant has the burden of proof as he does on such a plea in a civil case. Because he who asserts must prove, the party who takes the affirmative of an issue has the burden of proof. On trial of an issue of fact, if the evidence is evenly balanced, the party on whom the burden of proof rests must lose. What is the duty of the jury if the evidence is evenly balanced on the issue of self-defense? This court has said:

"* * * we feel constrained, both upon principle and authority, to the conclusion that there is no greater burden upon the accused to establish self-defense, by affirmative evidence, than any other defense; but, if 'all the evidence raises in the minds of the jury a reasonable doubt as to whether he acted in self-defense, the defendant should be acquitted.' * * *." Henson v. State, 112 Ala. 41, 49, 21 So. 79, 81.

We are not unmindful that in McGhee v. State, 178 Ala. 4, 12, 59 So. 573, this court expressly overruled the holding in Henson v. State, supra, to the effect that refusal of charge 2 was error because the charge failed to set out the elements of self-defense, but in so doing the court said:

"* * * It is true the court reversed the case of Henson v. State, 112 Ala. 41, 21 South. 79, for the refusal of charge 2 which is similar to the charges now considered; but this holding is contrary to the cases supra, and, while *we do not wish to disturb the legal principles as declared in the Henson Case, supra,* we do expressly overrule same, in so far as it holds that the refusal of charge 2 was reversible error." (Emphasis Supplied.) 178 Ala. 12, 59 So. 576.

This court has not departed from the rule that if from all the evidence the jury have a reasonable doubt whether defendant acted in self-defense the jury should acquit. In 1955 this court said:

"Charge No. 12 is as follows:

"'I charge you that *if,* after looking at all the evidence in this case, your minds are left in such a state of doubt or uncertainty that *you cannot say, beyond a reasonable doubt,* whether the Defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of the deceased to save himself from great bodily harm or death, or that he stabbed before such impending necessity arose, then *this is such a doubt as will entitle this Defendant to an acquittal,* and you should so find.'

\* \* \* \* \* \*

"We, therefore, conclude that under the state of the evidence in the instant case, that Charge No. 12 should have been given. The cause is, therefore, reversed and remanded." (Emphasis Supplied.) Brooks v. State, 263 Ala. 386, 389, 390, 82 So.2d 553, 555.

The following statements appear in the books:

"The latter part of this charge, which for convenient reference we have placed within parentheses, according to our later adjudications is subject to the vice of placing too great a burden on defendant in establishing a plea of self-defense. A defendant is required to do no more for his acquittal, than raise a reasonable doubt of his guilt. Henson v. State, 112 Ala. 41, 46, 21 So. 79 * * *." Ragsdale v. State, 134 Ala. 24, 36, 32 So. 674, 677.

" * * * In all criminal cases, if the evidence, any or all of it, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted. Henson's Case, 112 Ala. 41, 21 South. 79; Whitten's Case, 115 Ala. 72, 22 South. 483. * * *. It is error to instruct the jury, in a criminal case, that, if the proof left the question of the defendant's guilt or innocence in equipoise, they could not, on that account alone, acquit. Winter & Scisson v. State, 20 Ala. 39." Clemons v. State, 167 Ala. 20, 33, 34, 52 So. 467, 472.

"Chief Justice Cooley, in Garbutt's Case, 17 Mich. 9–28, 97 Am.Dec. 162, after reviewing the conflicting cases on the subject and attempting to reconcile them, said: 'There is no such thing in the law as a separation of the ingredients of the offense, so as to leave a part to be established by the prosecution, while as to the rest the defendant takes upon himself the burden of proving a negative. The idea that the burden of proof shifts in these cases is unphilosophical, and at war with fundamental principles of criminal law. * * *

* * * * * *

" ' * * * Strictly speaking, the burden of proof is never on the defendant to establish his innocence, or to disprove the facts necessary to establish the crime of which he is charged; in all criminal cases, if the evidence, any or all of it, after considering all, raises in the mind of the jury a reasonable doubt as to his guilt, he should be acquitted. Henson's Case, 112 Ala. 41 [21 South. 79]; * * *." Roberson v. State, 183 Ala. 43, 56, 58, 62 So. 837, 842.

"The leading proposition of this appeal, defendant's main cause of complaint, is that the court, instructing the jury on the subject of self-defense—the only litigable question in the case—told the jury that the burden rested upon defendant to prove to the reasonable satisfaction of the jury the necessity for taking the life of deceased, and there was no reasonable avenue of escape. That this burden in some sort rested upon the defendant has long been the settled law of this court. The proposition has been frequently stated by the court. It will suffice to cite a few of the cases. Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St.Rep. 96; Naugher v. State, 105 Ala. 29, 17 South. 24; Henson v. State, 112 Ala. 41, 21 South. 79; McGhee v. State, 178 Ala. 4, 59 South. 573. But defendant's complaint is that the burden was too heavily laid upon him, that he should not have been required to prove the named elements of self-defense to the reasonable satisfaction of the jury, but that he met the requirements of the law if his evidence created a reasonable doubt as to whether he acted in self-defense, and the latest decisions of this court have been in accord with this contention. * * *." Perry v. State, 211 Ala. 458, 459, 100 So. 842, 843.

"Pending the trial in the court below several exceptions were reserved to the rulings of the court, and are here properly presented for review. As we see it however, the principal and controlling questions are the exceptions

reserved to the oral charge of the court, wherein the trial court charged the jury, (1) 'that the burden of proof was on the defendant to reasonably satisfy them that he was in imminent danger of life or limb, and that he had no reasonable escape.' (2) 'That the burden does shift to the defendant, on his plea of self-defense, to show that he was in peril and had no reasonable mode of retreat without increasing his peril.'

"The exceptions, above discussed, are well taken and must be sustained. The following authorities are conclusive as to this: Hubbert v. State, 32 Ala.App. 477, 27 So.2d 228; Williams v. State, 213 Ala. 121, 104 So. 282; Perry v. State, 211 Ala. 458, 100 So. 842; Ragsdale v. State, 134 Ala. 24, 36, 32 So. 674; Baker v. State, 19 Ala.App. 432, 98 So. 213; Ex parte State ex rel. Attorney General (Baker v. State), 210 Ala. 374, 98 So. 215; Barbaree v. State, 24 Ala.App. 127, 130 So. 903; Lee v. State, 24 Ala.App. 168, 132 So. 61; Fuqua v. State, 23 Ala.App. 467, 127 So. 251; Jones v. State, 23 Ala.App. 77, 121 So. 1; Meadows v. State, 26 Ala.App. 311, 159 So. 268.

"There was also error in the court's action in overruling defendant's objection to the State's attorney's argument wherein he stated, when a person sets up self-defense that the burden is upon him to come forward with evidence to show that he is free from fault in bringing on the difficulty. Such burden rests upon the State and not upon the defendant." Cochran v. State, 33 Ala. App. 515, 518, 35 So.2d 363, 365.

■ It is clear that if the evidence on the issue of self-defense is evenly balanced, the jury should acquit, and although the evidence preponderates against self-defense, the jury should acquit if "all the evidence raises in the minds of the jury a reasonable doubt as to whether or not [he] acted in self-defense." Henson v. State,. supra [112 Ala. 41, 21 So. 81]. How can the defendant ever be required to carry the "burden of proof" on the issue of self-defense under the rule above stated? We are of opinion that defendant does not have the "burden of proof" as to self-defense, as the phrase "burden of proof" is used in charges to the jury.

■ In the oral charge here, considering that part insisted on by the State as well as the part condemned by the Court of Appeals, the court is charging both ways on a proposition of law. As the Court of Appeals noted, the charge is confusing because the jury would not know whether the burden of proof is on defendant as stated in one part of the charge, or on the State as stated in another part of the charge. In Ex parte Williams, 213 Ala. 121, 104 So. 282, all the Justices concurred in an opinion where Somerville, J. wrote for the court concerning self-defense as follows:

"The defendant's burden in this behalf has often been loosely referred to as the burden of proving self-defense, and sometimes as the burden of reasonably satisfying the jury of the existence of the two elements above referred to. But the actual burden is not a burden of proof, in the ordinary sense of the phrase, to establish an issue to the reasonable satisfaction of the jury, but a burden merely of offering enough evidence tending to show these two elements to generate, in connection with all the other evidence, a reasonable doubt of defendant's guilt of the unlawful killing charged. Henson v. State,. 112 Ala. 41, 21 So. 79; McGhee v. State, 178 Ala. 4, 11, 59 So. 573; Roberson v. State, 183 Ala. 43, 58, 62 So. 837; Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674; Baker v. State, 19 Ala. App. 432, 98 So. 213, affirmed [certiorari denied] 210 Ala. 374, 98 So. 215;. Perry v. State, 211 Ala. 458, 100 So. 842.

"In the instant case the trial judge instructed the jury:

" 'The burden rests upon this defendant to satisfy the jury that two of th⌐ elements of self-defense existed; with regard to self-defense there are two po⌐⌐⌐s about which the defendant must satisfy you—he must satisfy you that before he struck to kill the danger existed, either the real or reasonably apparent danger, and then he must satisfy you that to have retreated would have increased his peril, or that it would have so appeared to a reasonable man placed as he then was. * * * And the burden is upon him to establish the existence of these two elements; he must reasonably satisfy you there.'

"*This instruction was erroneous* (Ragsdale v. State, 134 Ala. 24, 35, 36, 32 So. 674); and it must be held as prejudicial error, *working a reversal* of the judgment of conviction, *notwithstanding the prefatory instruction that the burden was upon the state, as a whole, to convince the jury of the defendant's guilt, upon all the evidence* (Baker v. State, 19 Ala.App. 432, 98 So. 213; Id., 210 Ala. 374, 98 So. 215). * * *

" * * * And indeed we do not see how a consideration of the erroneous instruction as to the defendant's burden, in connection with the correct instruction as to the general burden resting on the state, can result in their harmonization. On the contrary, they present a sharp and irreconcilable conflict, and the jury could only choose between them. Perry v. State, supra." (Emphasis supplied.) 213 Ala. 121, 122, 104 So. 282.

The fault of the charge in the case at bar is that the court tells the jury that "burden of proof is on defendant" and then tells the jury that "When the defendant has proven * * * the burden shifts to the State * * * etc.," which are conflicting and erroneous statements. Moreover, the clause, " * * * if he is required under the law to prove the same, * * *" does nothing to clarify the conflict as to where the burden of proof on the issue of self-defense really rests.

Writ denied.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.