LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty on a trial under an indictment that charged, inter alia, that he “did unlawfully sell, furnish or give away phencyclidine, a controlled substance.” Code of Alabama 1975, § 20-2-27(a)(2)g lists phencyclidine as a Schedule III controlled substance. The trial court adjudged him guilty and sentenced him to imprisonment for six years. A motion for new trial was timely filed, which motion was overruled by the trial court.
No contention was made on the trial, and no contention is made on appeal, that the substance allegedly sold was not phencycli-dine, which fact was established by chemical analysis, according to the testimony of an expert.
An undercover agent testified that the sale was made to her by the defendant in defendant’s home and while the defendant’s wife and defendant’s daughter were present. Defendant’s wife and daughter, as well as the defendant himself, testified that they were present on the occasion that the undercover agent testified the sale was made. All three testified to the effect that *978 the undercover agent was accompanied by a female informant at the time. The female informant did not testify in the case.
Two issues are presented by appellant, which we will now discuss.
I.
In the motion for new trial, the defendant alleges that the “verdict was against the great weight of the evidence” and that the “trial court was in error in denying appellant’s motion for a new trial.” He argues in his brief:
“The facts in the Grace case are a stand off, evenly balanced. On the one hand you have the State presenting Diane Et-terle testifying to a drug buy and on the other hand Appellant and two witnesses denying such a transaction. If such a transaction had taken place and the investigator was as close as testified to by him (no more than 10-13 minutes away) (R. 51) why didn’t they get a search warrant and go back immediately and arrest appellant and catch him ‘red handed?’ As noted in Lester, infra, in a standoff of evenly balanced evidence, the State loses.”
The quoted argument in the brief constitutes what we think would be good argument to the trier of facts, the jury, and perhaps it was made on the trial of the case and on the motion for new trial. However, we have no reason to believe that the jury was not convinced beyond a reasonable doubt that defendant was guilty as charged or that the trial court was not convinced that the verdict was not against the weight of the evidence. Certainly the trial judge was in a better position, having viewed the witnesses as they testified, than any other judge to determine which of the witnesses, whether one or three, had testified truthfully. Lester v. State, 270 Ala. 631, 121 So.2d 110 (1960), the only case relied upon by appellant as to this point, does not support appellant as to appellant’s conclusion, although it does hold, as appellant states, that if the evidence is evenly balanced, the party on whom the burden of proof rests (which was the State in this case) must lose. Nevertheless, Lester does not hold expressly or impliedly that the weight of testimony is to be determined by the number of witnesses testifying. Although the number of witnesses can and should be taken into consideration at times, it is not a controlling factor. A more reasonable and persuasive factor, among several others, is the reasonableness of the particular testimony and any interest of the witness or witnesses whose testimony is being weighed.
We repeat and apply to the instant case what was said in Allen v. State, per Judge Harris as P.J., Ala.Cr.App., 382 So.2d 11, 24, cert. denied, Ala., 382 So.2d 25 (1980):
“Where there is legal evidence from which the jury can by fair inference find the defendant guilty, the Court of Criminal Appeals has no right to disturb the verdict; whether there is such evidence is a question of law, its weight and probative value are for the jury. Ala.Dig., Criminal Law, Key No. 1159.2(a).
“Appellant filed a motion for a new trial and extensive hearings were held. At the conclusion of the hearings the trial court overruled and denied the motion. Decision on motion for a new trial rests largely within the sound discretion of the trial court and, in reviewing that decision, the Court of Criminal Appeals will indulge every presumption in favor of the correctness thereof. Ala.Dig., Criminal Law, Key No. 911.”
II.
The second issue presented by appellant is thus stated in appellant’s brief:
“Did the trial court err in refusing and denying Appellant’s Motion for New Trial (R. 164-175) on ground three as stated in Appellant’s said motion?
“Paul v. State, [48 Ala.App. 396], 265 So.2d 180 (1972); § 34-3-1 and through § 34-1-6, Code of Alabama, 1975.”
Ground 3 of defendant’s motion for a new trial alleges:
*979 “3. The Defendant failed to have adequate representation in the ease at bar. The attorney for Defendant at trial, unbeknown to Defendant until now is not licensed to practice law in the State of Alabama and is unfamiliar with local court rules and procedures and for said reason Defendant was unable to have adequate assistance of counsel at the trial stage. Said attorney wholly failed to associate with any Alabama licensed attorney for purposes of trial against [sic] law and to the severe prejudice of Defendant.”
Code of Alabama 1975, §§ 34-3-1 through 34-3-6, cited by appellant as shown above, proscribes the unlawful practice of law by “any person” who has not “become duly licensed to practice, or whose license to practice shall have expired ...,” and provides that such conduct constitutes “a misdemeanor.” Other provisions of said sections make it clear that the representation of the defendant on the trial of the case under consideration constitutes practicing law. The record and transcript show, conclusively and without dispute, that the attorney who represented defendant from the time of his arraignment until the time of his conviction and sentence, including specifically the trial in its entirety and the sentence hearing in its entirety, was Mr. Ronald Patton, attorney at law, of Rome, Georgia and that he was defendant’s retained attorney. Neither his fidelity nor his dedication to his client is questioned. The transcript of the sentence hearing demonstrates that the attorney made a strong plea for leniency and probation. The transcript shows the following at the conclusion of the sentence hearing:
“THE COURT: All right, sir. Does the state have anything with regard to the application for probation?
“MR. IGOU: [District Attorney]: Nothing, Your Honor, in or addition to the report.
“THE COURT: Mr. Grace, your application for probation is denied. I believe that concludes it at this time.
“MR. PATTON: Your Honor, would the Court withhold imposition of the sentence for thirty days?
“THE COURT: No, sir.
“MR. PATTON: Would you allow him to remain free on his bail pending appeal, sir?
“THE COURT: No, sir. Oh, pending appeal?
“MR. PATTON: Yes, sir.
“THE COURT: I’ll set an appeal bond, a new bond. Are you giving notice of appeal at this time?
“MR. PATTON: Yes, sir.
“THE COURT: All right. The record will reflect, then, that there has been oral notice of appeal given and the defendant’s appeal bond is set at $20,-000.00.
“MR. PATTON: Thank you, sir.
“THE COURT: Is there anything further?
“MR. PATTON: That’s all, sir.
“THE COURT: Anything from the state?
“MR. IGOU: No, sir.
“THE COURT: That concludes it.
“(The proceedings were concluded).”
The above quoted remarks of Mr. Patton appear to have been the last words spoken by him as an attorney for the defendant. Within the time required, a motion for a new trial was filed by another attorney, who continues to represent appellant as his retained attorney.
The hearing of the motion for a new trial commenced as follows:
“THE COURT: All right. This case is State vs. Lewis Arthur Grace, which is set on a Motion for a New Trial. Case is number CC-82-148. The record should reflect that I have conferred with the attorneys, that is, the Assistant District Attorney, Mr. Latham, and the defense attorney — present defense attorney — Mr. Gary Davis, prior to convening the hearing on this motion and it is my understanding that the case can be submitted on stipulation; is that correct, now? Is that the way—
*980 “MR. LATHAM: Yes, sir.
“MR. DAVIS: Yes, sir.”
There then intervened a colloquy among the court and the attorneys for the respective parties as to the contents of the stipulation, which was not conclusive, and then the following occurred:
“MR. DAVIS: Off the record just a minute.
“(Off the record discussion held.)
“THE COURT: All right. It is stipulated that Mr. Patton is a licensed practicing attorney in the state of Georgia and was so licensed at the time of the trial of this case. It’s further stipulated that Mr. Patton was not at that time a licensed practicing attorney in the state of Alabama. It is further stipulated that at the time of the trial Mr. Patton had not obtained a certification and consent of the Bar Commissioner of the Ninth Judicial Circuit to practice before this Court in this ease. The District Attorney has checked the record of the Circuit Court of Cherokee County and has determined that Mr. Patton has represented seven defendants in criminal cases in this Court from 1978 until the present.
“MR. LATHAM: Through the day of the trial of this case.
“THE COURT: All right, through the date of the trial of this ease he had represented seven criminal defendants since 1978. Let me ask by way of clarification, at the time this case was tried on that week of court, Mr. Patton had three cases, two of which he had obtained the certification on from our Bar Commissioner; that is, the [name of a particular case] case and the [name of another particular case] case. Are those two cases included in the number seven that you have?
“MR. LATHAM: Yes they are, Your Honor.”
There was then some reference to a fourth ground of the motion for a new trial, which was withdrawn by the attorney for the defendant-movant, and there was an understanding among the court and the attorneys for the parties shown by the record that the motion for a new trial be continued to May 4, 1982, and parties would file briefs with the trial court.
On May 3, 1983, the trial court executed a four-page order, which, when considered with the four accompanying exhibits, discloses the formal application by Mr. C. Donald Patton to Honorable W.D. Scruggs, Jr., Commissioner of the 9th Judicial Circuit of Alabama, which includes Cherokee County Alabama, that Mr. Patton be permitted to represent each of the other named defendants in cases on the docket for trial the same week of the trial in the instant case, that Commissioner Scruggs had approved said application and that permission was “granted and given on behalf of the Alabama State Bar for the appearance of C. Ronald Patton to represent the Defendant in each of the other two cases.” The permission granted in each of said cases was thus qualified, “and for that case only, and in no other proceeding whatsoever.”
In the written opinion of the trial court in overruling defendant’s motion for a new trial, the trial court made it clear that the permission to represent the defendant in each of the other two cases then on the docket for trial that was granted Mr. Patton, as a licensed attorney in Rome, Georgia, but not as a licensed attorney in Alabama, was pro hac vice, i.e., for such case only, as recommended after due consideration by the Bar Commissioner of the Ninth Judicial Circuit and did not constitute permission or authorization for Mr. Patton to defend the defendant in the instant case. However, the trial court termed the permitted representation of this defendant by Mr. Patton an “oversight.” The trial court further stated in its written opinion the following:
“This administrative oversight occurred as a result of the Court’s assumption that appropriate authorization had been extended to Mr. Patton in each of the cases in which he appeared of record. “The best interest of litigants and the public requires that those appearing as attorneys of record in litigation in this *981 State, be admitted only upon proper determination being made that the applicant meets the minimum standards to practice law.
“The Bar Commissioner of the Ninth Ju- ■ dicial Circuit, certified to this Court that Mr. Patton met the minimum requirements to practice law before this Court in the [name of a particular case and name of another particular case] cases. Each of those cases involved charges of the same general nature as the instant case. Accordingly, this Court may properly infer and find that Mr. Patton likewise met the minimum qualifications to represent Mr. Grace, whose case was set for trial during the same week the [name of a particular case and name of another particular case] cases were set.
“At the trial of the instant case, Mr. Patton adequately represented his client and the Defendant was not deprived of effective representation as a result of Mr. Patton’s mere non-residency.
“The Defendant failing to allege or prove any prejudice to him as a result of Mr. Patton’s failure to be certified by the Bar Commissioner, coupled with the public’s best interest being served by the Commissioner having determined that Mr. Patton generally meets minimum standards required to practice before this Court, it does not appear that the Defendant’s Motion for a New Trial should be granted.”
The trial court extended its opinion in denying defendant’s motion for a new trial by emphasizing defendant’s constitutional right to counsel under the Sixth Amendment to the United States Constitution and the importance of avoiding an infringement of such right by not respecting the defendant’s choice of counsel whom he retains, provided his chosen attorney meets all legal requirements to represent defendant in the particular case. The trial court made it clear also that it recognized the importance of meeting all legal requirements, which were not met in the instant case. We agree with the trial court that defendant had no just ground for complaint by reason of the “oversight” that occurred, that defendant was not injured ■ by the “oversight,” and that defendant was not entitled to a new trial pursuant to ground 3 of his motion.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.